UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FAIR HOUSING CENTER OF
GREATER BOSTON, INC.,

       Plaintiff,

       v.

BOSTON APARTMENT RENTALS,
A & S REALTY, APARTMENT DEPOT
and MARK ROOS REALTY,

       Defendants.

**04    10572 MLW**

Civil Action No. _____

MAGISTRATE JUDGE Cohen

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. X.O.W
DATE 3/23/04

## COMPLAINT

### Introduction

1.    This is an action for declaratory judgment, permanent injunctive relief, damages, and attorneys fees and costs, alleging discriminatory advertising practices in violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, Massachusetts Anti-Discrimination Act, M.G.L. c.151B, violations of M.G.L. c. 93A, and common law negligence.  Plaintiff, Fair Housing Center of Greater Boston, Inc. (hereinafter "FHC"), alleges that Defendants post and publish rental advertisements on their websites that unlawfully express a preference or limitation for housing based on familial status, children, receipt of a rental subsidy, and source of income and which have had a disparate impact on members of protected classes based on race, color, or national origin.

### Jurisdiction and Venue

2.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 & 1343(4) and 42 U.S.C. §§ 3612 & 3617.  The Court also has pendent jurisdiction over the Massachusetts statutory and common law claims.

-1-

BOS-629069 v5 0900874-0901

3.    Venue is proper in this district under 28 U.S.C. § 1391(a) because Defendants are located in the District of Massachusetts and the causes of action arise in the District of Massachusetts.

## Parties

4.    Plaintiff FHC is a private, non-profit, fair housing membership organization dedicated to promoting equal housing opportunities for all people in Boston and the Greater Boston area.  Its constituents include, but are not limited to, persons seeking rental housing through advertisements posted on the Internet, including, but not limited to, www.bostonapartments.com, www.aandsrealty.com, www.bostonapartments.com/aptdepot, www.bostonapartments.com/roos.htm.

5.    FHC devotes resources to ensure that all persons have an equal opportunity and access to housing.  FHC identifies and takes actions to eliminate discriminatory housing practices through education, counseling, investigation, and enforcement.

6.    FHC's mission has been frustrated by Defendants' discriminatory actions, which have the effect of sanctioning discrimination in housing.  FHC has diverted and continues to divert significant resources from its usual activities to identify and counteract Defendants' discriminatory advertising practices, including, inter alia, time and resources spent investigating and monitoring Defendants' websites.

7.    Upon information and belief, Defendant Boston Apartment Rentals is a Massachusetts corporation with a principal place of business in Brighton, Massachusetts.  Boston Apartment Rentals solicits, reviews, accepts, and publishes rental advertisements on its website, www.bostonapartments.com.

8.    Upon information and belief, Defendant A&S Realty is a Massachusetts corporation with a principal place of business in Boston, Massachusetts. A&S Realty solicits, reviews, accepts, and publishes rental advertisements on its website www.aandsrealty.com.

9.    Upon information and belief, Defendant Apartment Depot is a Massachusetts corporation with a principal place of business in Allston, Massachusetts. Apartment Depot solicits, reviews, accepts, and publishes rental advertisements on its website www.bostonapartments.com/aptdepot.

10.    Upon information and belief, Defendant Mark Roos Realty is a Massachusetts corporation with a principal place of business in Boston, Massachusetts. Mark Roos Realty solicits, reviews, accepts, and publishes rental advertisements on its website www.bostonapartments.com/roos.htm.

## Facts

### Boston Apartment Rentals—www.bostonapartments.com

11.    Boston Apartment Rentals posts and publishes rental advertisements on its website, www.bostonapartments.com, that express preferences or limitations that discriminate against persons with rental subsidies and families with children.

12.    A review of this website in June-August 2003 revealed advertisements that include, but are not limited to, the following discriminatory statements: "great location for students and professionals;" "amazing apartment for any Berklee student;" "perfect for NU and Berklee students;" "great location for students and professionals;" "great prices for students and professionals;" "good for two students;" "ideal for students;" "great for students and professionals;" "ideal for two students;" "ideal home for 2 Berklee students;" "great for 2 Berklee students;" "students welcome;" "ideal spot for Berklee students;" "best location for

-3-

tourist or business traveler;" "great prices for students and professionals;" "perfect, big enough for 3 people...perfect for Berklee students;" "perfect deal for students and professionals;" "great for working professionals or students;" "great for roommates and students are more than welcome;" "great for professionals;" "great for students and professionals" ; "all of your neighbors in this loft building are professionals;" "professionals only;" "great deals for students and professionals;" "perfect for NU and Berklee students;" "great for Northeastern students;" "good for students and professionals;" "perfect for Berklee or NU students;" "great location for students and professionals;" and "graduate students only."

13.    A follow-up review in December 2003-January 2004 revealed that Boston Apartment Rentals continues to post advertisements at www.bostonapartments.com that express preferences or limitations that discriminate against persons with rental subsidies and families with children.  Examples include, but are not limited to, the following discriminatory statements: "this the IDEAL spot for Berklee students!;" "great for students!!;" "Great for MIT or Berklee students!;" "This spacious apartment is made for Berklee students.;" "good for up to four students!!!;" "Perfect for students!;" "At Berklee and NEC Students!!!! LOCATION,LOCATION, LOCATION;" "Great for students and professionals;" "Great deals for students and professionals in the area!;" "Very nice apartment, would be great for 2 Berklee students;" "Attention students!! great location;" and "For Berklee students it's only a 5-7 minute bus ride across the river."

14.    On its website, www.bostonapartments.com, Boston Apartment Rentals explicitly acknowledges that the advertisements appearing on its site are subject to Federal Fair Housing laws:

> All real estate advertising in this publication is subject to the Federal Fair Housing Law, which makes it illegal to advertise 'any

> preference, limitation or discrimination based on race, color,
> religion, sex, handicap, familial status or national origin, or an
> intention, to make any such preference, limitation or
> discrimination.'

http://www.bostonapartments.com/disclaim.htm. Moreover, despite carrying the discriminatory advertising as described in paragraphs 12 – 13 supra, Boston Apartment Rentals asserts that "[t]his publication will not knowingly accept any advertising for real estate which is in violation of the law," and, in an ineffectual attempt to prospectively disclaim any liability for discriminatory advertising, the site further states: "Our readers are hereby informed that all dwellings in this publication are available on an equal opportunity basis." http://www.bostonapartments.com/disclaim.htm.

## A & S Realty—www.aandsrealty.com

15.     A&S Realty posts and publishes rental advertisements on its website www.aandsrealty.com that express preferences or limitations that discriminate against persons with rental subsidies and families with children

16.     A review of this website in June-August 2003 revealed advertisements that include, but are not limited to, the following discriminatory statements: "professionals only", "owner prefers medical affiliated tenant," "nice professional building;" "great for roommates or one person;" "professional building;" "perfect for medical students, residents or anyone working or studying around the Longwood Medical area;" "student building;" "owner lives in the building and is older so not a place for partying;" "perfect for the medical personnel that wants to be close;" "2 bed split...will accept a student with good co-signers;" "Berklee student perfect apt;" "perfect location for Berklee or NU or Emerson or Conservatory;" "no undergrads allowed;" "4-bed split, means big enough for 5."

17.    A follow-up review in December 2003-January 2004 revealed that A&S Realty continues to post advertisements at www.aandsrealty.com that express preferences or limitations that discriminate against persons with rental subsidies and families with children. Examples include, but are not limited to, the following discriminatory statements: "will accept students with good co-signers;" "students acceptable with a co-signer;" "perfect location for Berklee or NU or Emerson, or Conservatory;" "professionals only;" "the price could also be a little flexible for the right tenant;" "all professional building;" special incentives may be available!;" and "Student Building."

## Apartment Depot—www.bostonapartments.com/aptdepot.htm

18.    Apartment Depot posts and publishes rental advertisements on its website www.bostonapartments.com/aptdepot.htm that express preferences or limitations that discriminate against persons with rental subsidies and families with children.

19.    A review of this website in June-August 2003 revealed advertisements that include, but are not limited to, the following discriminatory statements: "apartment is not deleaded" and "professional building."

20.    A follow-up review in December 2003-January 2004 revealed that Apartment Depot continues to post advertisements at www.bostonapartments.com/aptdepot.htm that express preferences or limitations that discriminate against persons with rental subsidies and families with children. Examples include, but are not limited to, the following discriminatory statements: "security deposit is negotiable with good employment/landlord references;" "apartment is not deleaded;" "only first month required (dependant [sic] on credit) security;" "no security deposit required with good credit and stable employment;" "this is a professional building;" and "professional inquiries only."

**Mark Roos Realty—www.bostonapartments.com/roos.htm**

21.    Mark Roos Realty posts and publishes rental advertisements on its website www.bostonapartments.com/roos.htm that express preferences or limitations that discriminate against persons with rental subsidies and families with children

22.    A review of this website in June-August 2003 revealed advertisements that include, but are not limited to, the following discriminatory statements:  "perfect for BU students;" "why not live in this spacious 5-6 bedroom with friends;" "convenient for BU students;" "great for both professionals and students;" "no undergrads please!;" "BU, undergrads/grads are welcome;" "perfect for professionals;" "students welcome;" "perfect for the young professional or responsible grad student;" "professionals and grad students only;" "perfect for BU students;" "good location for BU and BC students;" "great for BC students;" "perfect for working tenants;" "4 bed … great for 4 or 5 people;" "graduate students and professionals only;" "perfect for professionals or student;" "perfect for students and professionals;" "great location for BU students in South Campus;" "professionals and graduate students welcomed;" "great for professionals;" "good for students;" "great for professionals and graduate students;" "professionals and graduate students welcomed;" "Landlord looking for professionals or grad student;" "perfect for professionals or grad students;" "great location for Medical area or Northeastern Students;" "great for students;" "perfect for young professional or grad student;" "professionals only;" "no undergraduate students please;" "professionals preferred;" and "great for doctors working at Hospitals."

23.    A follow-up review in December 2003-January 2004 revealed that Mark Roos Realty continues to post advertisements at www.bostonapartments.com/roos.htm that express

preferences or limitations that discriminate against persons with rental subsidies and families with children. Examples include, but are not limited to, the following discriminatory statements: "great place for BU students;" "apartment is perfect for the young professional or responsible grad student;" "professional and grad students only;" "perfect for students;" "graduate students and professionals only;" "perfect for working tenants;" "perfect for BU or BC students;" "perfect for professionals or student;" "perfect for two nice professionals;" "perfect for professionals;" "great for professionals and graduate students;" "professionals and graduate students welcomed;" "professionals and graduate students;" "great for professionals;" "landlord is looking for professionals or grad student;" "great location for Medical Area or Northeastern students;" "professionals preferred;" and "no undergraduate students!"

**General Factual Assertions**

24.    Accepting advertisements with the above discriminatory words violates both Federal and State law.

25.    The effect of these advertisements has been to restrict the housing choices and opportunities for families with children and persons with rental subsidies. Further, because a disproportionate number of persons with rental subsidies and families with children are people of color, these advertisements have had the effect of discriminating against people based on race, color and national origin.

26.    As a result of Defendants' discriminatory rental advertisements, homeseekers have been deprived of their right to non-preferential housing advertising and of their right to contract for and rent housing on an equal basis with other people without restriction or limitation based on race, color, national origin, children, family status, receipt of a rental subsidy or source of income.

27.    Defendants' publication of discriminatory advertisements on their various websites has had the effect of sanctioning discrimination by housing providers and allowing housing providers to believe it is lawful and acceptable to indicate a preference or limitation—or to discriminate—based on membership in a protected class in offering housing. Further, the publication of discriminatory advertisements has had the effect of discouraging readers from pursuing their right to seek certain housing. In addition, because discriminatory language is repeatedly read in the rental advertisements posted on Defendants' websites, many homeseekers have come to believe that such discrimination is permissible and thus do not know to take legal action when such preferences are expressed directly to them by landlords and housing providers.

28.    In addition, Defendants' discriminatory advertising practices have interfered with the efforts of FHC to bring about equality of housing opportunities and have denied and interfered with the rights of its members and constituents to obtain rental housing free from unlawful discrimination.

## COUNT I

## Violation Of The Fair Housing Act: 42 U.S.C. § 3604(c)

29.    FHC realleges and incorporates by reference the allegations of Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.    Section 3604(c) of the Fair Housing Act makes it unlawful:

> to make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

31.    Defendants have made, printed, or published, or caused to be made, printed, or published—and, upon information and belief, continue to make, print, or publish or cause to

make, print, or publish—rental advertisements that indicate a preference or limitation, or that discriminate, based on familial status and which have had a disparate impact on members of protected classes based on race, color or national origin.

32.    As a result of Defendants' violations of the Fair Housing Act, FHC has been damaged thereby and is entitled to an award of damages and equitable relief.

## COUNT II

## Violation Of Massachusetts Anti-Discrimination Law: M.G.L. c. 151B §§ 4(7B) & 4(10)

33.    FHC realleges and incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

34.    M.G.L. c. 151B §4(7B) makes it unlawful:

> to make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement, with respect to the sale or rental of a multiple dwelling, contiguously located, publicly assisted or other covered housing accommodations that indicates any preference, limitation, or discrimination based on race, color, religion, sex, sexual orientation which shall not include persons whose sexual orientation involves minor children as the sex object, national origin, genetic information, ancestry, children, marital status, public assistance recipiency, or handicap or an intention to make any such preference, limitation, or discrimination except where otherwise legally permitted.

35.    M.G.L. c. 151B §4(10) makes it unlawful:

> to discriminate against any individual who is a recipient of federal, state, or local public assistance, including medical assistance, or who is a tenant receiving federal, state, or local housing subsidies, including rental assistance or rental supplements, because the individual is such a recipient, or because of any requirement of such public assistance, rental assistance, or housing subsidy program.

36.    Defendants have made, printed, or published, or caused to be made, printed, or published—and, upon information and belief, continue to make, print, or publish or cause to make, print, or publish—rental advertisements that indicate a preference or limitation, or that

discriminate, based on children, receipt of a rental subsidy, and source of income, and which have had a disparate impact on members of protected classes based on race, color or national origin in violation of the M.G.L. c. 151B §§4(7B) & 4(10).

37.    As a result of Defendants' violations of the Massachusetts Anti-Discrimination Law, FHC has been damaged thereby and is entitled to an award of damages and equitable relief.

## COUNT III

## Violation Of Massachusetts Consumer Protection Law - M.G.L. c. 93A

38.    FHC realleges and incorporates by reference the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

39.    At all relevant times hereto, Defendants were engaged in trade or commerce within the meaning of M.G.L. c. 93A § 1(b).

40.    Defendants' actions as set forth herein constitute "unfair or deceptive acts or practices in the conduct of any trade or commerce" within the meaning of M.G.L. c. 93A § 2.

41.    Defendants' actions occurred primarily and substantially within the Commonwealth of Massachusetts.

42.    At all relevant times, FHC was engaged in the conduct of trade or commerce within the meaning of M.G.L. c. 93A § 1(b) and has suffered a loss of money or property in an amount to be determined at trial as a result of Defendants' violations of M.G.L. c. 93A § 2.

43.    Defendants' violations of M.G.L. c. 93A § 2 were willful and/or knowing violations of said statute.

44.    Defendants are therefore liable to FHC, pursuant to M.G.L. c. 93A §§ 2 and 11, in an amount equal to and not less than twice and up to three times FHC's damages.

45.    FHC is also entitled to an award of reasonable attorneys' fees and costs incurred in this action as a result of Defendants' violations of M.G.L. c. 93A §§ 2 and 11.

-11-

## COUNT IV

### Negligence

46.     FHC realleges and incorporates by reference the allegations of paragraphs 1

through 45 of this Complaint, as though fully set forth herein.

47.     Defendants owe FHC a duty to operate their rental housing websites in a manner

free from unlawful discriminatory statements and other discriminatory practices, and to hire,

train, supervise and discipline their employees and themselves to fulfill that duty. Defendants

negligently violated that duty, and continue to do so, by developing, making, publishing and re-

publishing statements that are discriminatory on the basis of familial status, children, receipt of a

rental subsidiary, and source of income. Defendants' violation of that duty, and FHC's resultant

injuries, are the result of Defendants' negligence, including but not limited to:

A.     Defendants' negligent failures to train their employees, members, and
themselves regarding the requirements of state and federal fair housing
laws;

B.     Defendants' negligent failures to hire persons who were familiar with the
requirements of state and federal fair housing laws;

C.     Defendants' negligent failures to supervise their employees regarding
compliance with the requirements of state and federal fair housing laws;

D.     Defendants' negligent failures to operate a rental housing listing business
in conformity with accepted industry custom and standards.

48.     As a result of Defendants' negligence, FHC has been harmed thereby.

### Relief Requested

WHEREFORE, FHC respectfully requests this Court to enter judgment as follows:

1.     Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Defendants have

violated the Fair Housing Act, 42 U.S.C. § 3604 (c) and the Massachusetts Anti-Discrimination

Law, M.G.L. c. 151B §§ 4(7B) & 4(10).

2.   Issue a permanent injunction enjoining Defendants, their employees, agents, representatives, successors and assigns, and all persons in active concert, combination and participation with them, from further violating any of the above laws.

3.   Order Defendants to take such affirmative steps as necessary to ensure that the violations of the above laws do not continue to occur and to take actions to monitor all future real estate advertisements to ensure that they do not discriminate on the basis of familial status, children, receipt of a rental subsidy, source of income, race or national origin.

4.   Award FHC judgment against Defendants for compensatory and punitive damages in an amount to be determined at trial.

5.   Enter judgment that Defendants' actions amount to violations of M.G.L. c. 93A and that FHC is entitled to an award of attorneys' fees and treble damages under the Act.

6.   Award FHC's reasonable attorneys' fees and costs.

7.   Grant FHC such further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

FAIR HOUSING CENTER OF
GREATER BOSTON, INC.

By its Attorneys,


Nadine Cohen (BBO # 090040)
Lawyers' Committee for Civil Rights
Under Law of the Boston Bar Association
294 Washington Street
Boston, MA 02108
(617) 482-1145


Irene C. Freidel (BBO #559051)
Andrew C. Glass (BBO #638362)
Aimée E. Bierman (BBO #640385)
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA  02109-1808
(617) 261-3100

Dated:  March 23, 2004

-14-