UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
FAIR HOUSING CENTER OF
GREATER BOSTON, INC.
    Plaintiff,

v.

BOSTON APARTMENT RENTALS,
A&S REALTY, APARTMENT DEPOT,
and MARK ROOS REALTY,
    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

C.A. NO.: 04 10572 MLW

## ANSWER AND JURY DEMAND OF THE DEFENDANT, MARK ROOS REALTY

NOW COMES the Defendant, Marc Roos Realty, improperly referred to as Mark Roos Realty (hereinafter "Roos"), who answers the Plaintiff's Complaint as follows:

### INTRODUCTION

1. The Plaintiff's action and allegations speak for themselves and Roos is not required to further respond thereto. However, to the extent any factual allegations are deemed to have been made by the Plaintiff in Paragraph 1, then in that case Roos denies each such allegation.

### JURISDICTION AND VENUE

2. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 2.

3. Roos admits that it is located in the District of Massachusetts, and states by way of further response that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 3.

## PARTIES

4. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 2.

5. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 5.

6. Roos denies the allegations in Paragraph 6 insofar as it is concerned, and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the rest of the allegations in Paragraph 6.

7. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 7.

8. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 8.

9. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 9.

10. Roos admits the allegations contained in the first sentence of Paragraph 10. Roos denies the allegations contained in the second sentence of Paragraph 10.

## FACTS

(Boston Apartment Rentals)

11-14, inclusive. Roos states that the facts alleged in paragraphs 11-14, inclusive are not directed to it and that Roos is not required to further respond thereto. However, in the event any factual allegations are deemed to have been made against Roos in paragraphs 11-14, inclusive, then in that case Roos denies each such allegation.

(A&S Realty)

15-17, inclusive. Roos states that the facts alleged in paragraphs 15-17, inclusive are not directed to it and that Roos is not required to further respond thereto. However, in the event any factual allegations are deemed to have been made against Roos in paragraphs 15-17, inclusive, then in that case Roos denies each such allegation.

(Apartment Depot)

18-20, inclusive. Roos states that the facts alleged in paragraphs 18-20, inclusive are not directed to it and that Roos is not required to further respond thereto. However, in the event any factual allegations are deemed to have been made in paragraphs 18-20, inclusive, then in that case Roos denies each such allegation.

(Mark [sic] Roos Realty)

21. Roos denies the allegations contained in paragraph 21.

22. Roos denies the allegations contained in paragraph 22.

23. Roos is denies the allegations contained in paragraph 23.

24. Roos denies the allegations contained in paragraph 24.

25. Roos denies the allegations contained in paragraph 25.

26. Roos denies the allegations contained in paragraph 26.

27. Roos denies the allegations contained in paragraph 27.

28. Roos denies the allegations contained in paragraph 28.

## COUNT I

29. Roos incorporates its responses to the allegations made in paragraphs 1-28, inclusive, as though they were fully set forth herein.

30. Roos states that the provisions of §3604(c) of the Fair Housing Act speak for themselves and that Roos is not required to further respond thereto.

31. Roos denies the allegations contained in paragraph 31 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 with respect to any of the other defendants.

32. Roos denies the allegations contained in paragraph 32 insofar as it is concerned and states that it is without knowledge sufficient for form a belief as to the truth or falsity of the allegations in paragraph 31 with respect to any of the other defendants.

## COUNT II

33. Roos incorporates its responses to the allegations made in paragraphs 1-32, inclusive, as though they were fully set forth herein.

34. Roos states that the provisions of M.G.L. c. 151B §4(7B) speak for themselves and that Roos is not required to further respond thereto.

35. Roos states that the provisions of M.G.L. c. 151B §4(10) speak for themselves and that Roos is not required to further respond thereto.

36. Roos denies the allegations contained in paragraph 36 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 with respect to any of the other defendants.

37. Roos denies the allegations contained in paragraph 37 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 with respect to any of the other defendants.

## COUNT III

38. Defendant Roos incorporates its responses to the allegations made in paragraphs 1-37, inclusive, as though they were fully set forth herein.

39. Roos admits the allegations contained in paragraph 39 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 with respect to any of the other defendants.

40. Roos denies the allegations contained in paragraph 40 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 with respect to any of the other defendants.

41. Roos admits that it does business in Massachusetts and denies that any of its actions are wrongful or illegal in any respect or are otherwise actionable. By way of further response, Roos states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 with respect to any of the other defendants.

42. Defendant Roos denies the allegations contained in paragraph 42.

43. Defendant Roos denies the allegations contained in paragraph 43.

44. Defendant Roos denies the allegations contained in paragraph 44.

45. Defendant Roos denies the allegations contained in paragraph 45.

## COUNT IV

46. Defendant Roos incorporates its responses to the allegations made in paragraphs 1-37, inclusive, as though they were fully set forth herein.

47. Roos denies the allegations contained in paragraph 47 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 with respect to any of the other defendants.

48. Defendant Roos denies the allegations contained in paragraph 48.

## AFFIRMATIVE DEFENSES
### (All Counts)

### FIRST AFFIRMATIVE DEFENSE

FHC's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

FHC does not have standing to bring its Complaint.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over FHC's Complaint.

### FOURTH AFFIRMATIVE DEFENSE

FHC failed to satisfy the statutory condition(s) precedent necessary for FHC to be entitled to file suit for violation of M.G.L. c. 151B.

### FIFTH AFFIRMATIVE DEFENSE

FHC's negligence claim is barred by the economic loss doctrine.

### SIXTH AFFIRMATIVE DEFENSE

FHC has suffered no legally cognizable damages and fails to meet the Constitutional requirements under Article III for access to the federal court system.

### SEVENTH AFFIRMATIVE DEFENSE

If it is determined that FHC sustained damages, which Roos denies, those damages were the result of conduct of individuals or entities over whom Roos had no control and for whose conduct Roos was not and is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

If FHC has sustained damages, FHC contributed to, and/or failed to mitigate such damages, and any recovery should be barred or diminished due to such failure.

## NINTH AFFIRMATIVE DEFENSE

FHC's complaint must be dismissed by reason of the misnomer of the defendant, Roos.

## TENTH AFFIRMATIVE DEFENSE

FHC has failed to exhaust his administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

FHC's action is barred by laches.

## TWELFTH AFFIRMATIVE DEFENSE

Any recovery must be reduced in proportion to FHC's own negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Roos incorporates herein by reference the affirmative defenses asserted by any other defendant who appears in this action as though each such defense was fully set forth herein.

WHEREFORE, the Defendant, Roos, requests the Plaintiff take nothing, that Roos receive judgment in its favor as to all counts, that the plaintiff not be accorded any declaratory or injunctive relief, and that Roos be afforded such and other relief as is proper and just.

## **JURY DEMAND**

DEFENDANT ROOS DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE TO A JURY.

Marc Roos Realty, improperly referred to as Mark Roos Realty
By its attorney,

*/s/ Alan D. Hoch*

David J. Hatem, PC
Alan D. Hoch, Esquire
BBO No.: 548645
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA  02210
Tel. No.: 617-406-4500

Date:   April 12, 2004

## CERTIFICATE OF SERVICE

I, Alan D. Hoch, hereby certify that I have, this 12th day of April, 2004, served a copy of the Defendant, Mark Roos Realty's Answer to Plaintiff's Complaint, by mailing, postage prepaid, to:

Nadine Cohen, Esquire
Lawyers' Committee for Civil Rights
Under Law of the Boston Bar Association
294 Washington Street
Boston, MA 02108

Irene C. Freidel, Esquire
Andrew C. Glass, Esquire
Aimee E. Bierman, Esquire
Kirkpatrick & Lockhart, LLP
75 State Street
Boston, MA 02109-1808

_____
Alan D. Hoch, Esquire

00824326