UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAIR HOUSING CENTER OF<br>GREATER BOSTON, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>BOSTON APARTMENT RENTALS,<br>A&S REALTY, APARTMENT DEPOT,<br>and MARK ROOS REALTY,<br><br>        Defendants. | C.A. No. 04-10572-MLW |

**MEMORANDUM IN OPPOSITION TO**
**BOSTON APARTMENT RENTALS' MOTION TO DISMISS**

Nadine M. Cohen (BBO # 090040)
The Lawyers Committee for Civil Rights
under the Law of the Boston Bar Association
294 Washington Street
Suite 940
Boston, Massachusetts 02108
(617) 482-1145

May 13, 2004

Irene C. Freidel (BBO #559051)
Andrew C. Glass (BBO #638362)
Aimée E. Bierman (BBO #640385)
Jason N. Golub (BBO# pending)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, Massachusetts 02109
(617) 261-3100

Attorneys for plaintiff Fair Housing Center of
Greater Boston, Inc.

Plaintiff Fair Housing Center of Greater Boston, Inc. (the "Fair Housing Center") respectfully submits this memorandum in opposition to defendant Boston Apartment Rentals' Motion to Dismiss Plaintiff's Complaint (the "Motion"). Because the allegations of the Complaint are more than sufficient to discredit Boston Apartment Rentals' argument that it is immune from suit under the Communications Decency Act, 47 U.S.C. § 230, the Motion should be denied.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

The Fair Housing Center filed this action against Boston Apartment Rentals and three other entities[1] responsible for developing and/or creating Internet rental housing advertisements that unlawfully express a preference or limitation for housing based on familial status, children, receipt of a rental subsidy, and source of income. These preferences and limitations have a disparate impact on members of protected classes based on race, color, or national origin. In its Complaint, the Fair Housing Center asserts claims against Boston Apartment Rentals pursuant to the Fair Housing Act, 42 U.S.C. § 3604(c), the Massachusetts Anti-Discrimination Act, Mass. Gen. Laws ch. 151B, the Massachusetts Consumer Protection Law, Mass. Gen. Laws ch. 93A, and common law negligence.

Boston Apartment Rentals has moved to dismiss all counts of the Complaint on the basis that it is immune from suit pursuant to the Communications Decency Act, 47 U.S.C. § 230. Because the allegations of the Complaint are more than sufficient to discredit Boston Apartment Rentals' assertion of immunity, the Court should deny Boston Apartment Rentals' Motion in its entirety.

---

[1] These other entities are defendants A&S Realty, Apartment Depot, and Mark Roos Realty (collectively, with Boston Apartment Rentals, "defendants").

Indeed, the allegations in the Complaint support a finding that Boston Apartment Rentals is a website owner responsible for the production and development of the rental housing advertisements and information content of its website. See Compl. at paras. 7, 11-14. Pursuant to the Communications Decency Act, an owner/registrant of an Internet website will be held liable for discriminatory advertising posted on its website where the owner/registrant is responsible, in whole or in part, for the creation and/or development of the discriminatory advertising. See Ben Ezra, Weinstein, and Co. v. America Online, Inc., 206 F.3d 980, 985 (10th Cir. 2000); see also 47 U.S.C. § 230(f)(3). Because the allegations of the Complaint establish that Boston Apartment Rentals is such an "information content provider" as described under the Communications Decency Act, Boston Apartment Rentals is not immune from civil suit.

The Court must also reject Boston Apartment Rentals' Motion because its assertion of immunity is based entirely on facts from outside the Complaint, which the Court cannot properly consider on a motion to dismiss. Specifically, Boston Apartment Rentals argues that it qualifies for immunity under the Communications Decency Act on the basis that (1) it is an interactive computer service that posts no content of its own on its website, and (2) it is not responsible for the content of the advertisements that the Complaint identifies as having been posted on its website. Because Boston Apartment Rentals cannot establish its status without reliance on facts from outside the Complaint, its motion to dismiss is improper and should be denied. At the very least, the Fair Housing Center is entitled to conduct discovery regarding the merits of Boston Apartment Rentals' claim for immunity and to amend the Complaint accordingly.

## II. SUMMARY OF THE ALLEGATIONS IN THE COMPLAINT RELATING TO BOSTON APARTMENT RENTALS

### A. Summary Of Factual Allegations

The Fair Housing Center is a private, non-profit fair housing membership organization dedicated to promoting equal housing opportunities for all people in Boston and the Greater Boston area. Compl. at para. 4. Its constituents include, but are not limited to, persons seeking rental housing through advertisements posted on Internet websites, including www.bostonapartments.com, a website owned and operated by Boston Apartment Rentals. Id.

The Fair Housing Center devotes resources to ensuring that all persons have equal opportunity and access to housing, Compl. at para. 5, and identifies and takes action to eliminate discriminatory housing practices through education, counseling, investigation, and enforcement, id. The Fair Housing Center's mission has been frustrated by Boston Apartment Rentals' discriminatory advertising that have had the effect of sanctioning discrimination in housing. Id. at para. 6. The Fair Housing Center has had to divert, and continues to divert, significant resources from its usual activities to identify and counteract defendants', including Boston Apartment Rentals', discriminatory advertising practices. Id.

Boston Apartment Rentals solicits, reviews, accepts, and publishes rental advertisements on its website www.bostonapartments.com. Compl. at para. 7. Certain advertisements express preferences or limitations that discriminate against persons with rental subsidies and families with children. Id. at para. 11. Boston Apartment Rentals is responsible, in whole or in part, for the development of the content of those advertisements. See id. at para. 14.

A review of Boston Apartment Rentals' website in June-August 2003 revealed advertisements that include, but are not limited to, the statements that expressed preferences for students and professionals to the exclusion of protected classes of individuals. For instance, the

- 3 -

advertisements included statements such as: "great location for students and professionals;" "great prices for students and professionals;" "best location for tourist or business traveler;" "all your neighbors in this loft building are professionals;" "professionals only;" and "graduate students only." Compl. at para. 12. A follow-up review in December 2003-January 2004 revealed that Boston Apartment Rentals continued to post advertisements that express preferences or limitations that discriminate against persons with rental subsidies and families with children. Id. at para. 13.

The effect of Boston Apartment Rentals' advertisements has been to restrict the housing choices and opportunities for families with children and persons with rental subsidies. Compl. at para. 25. Furthermore, because a disproportionate number of persons with rental subsidies and families with children are people of color, these advertisements have had the effect of discriminating against people based on race, color and national origin. Id.

### B.    Summary Of Legal Claims

The Fair Housing Center alleges that Boston Apartment Rentals' advertisements violate Section 3604(c) of the Fair Housing Act, which makes it unlawful:

> to make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

In violation of the Fair Housing Act, Boston Apartment Rentals is responsible for placing on its website rental advertisements that indicate a preference or limitation, or that discriminate, based on familial status and that have had a disparate impact on members of protected classes based on race, color, or national origin. Compl. at paras. 30-31.

The Fair Housing Center further alleges that Boston Apartment Rentals' advertisements violate the Massachusetts Anti-Discrimination Law, Mass. Gen. Laws ch. 151B §§ 4(7B) & 4(10).  Mass. Gen. Laws ch. 151B § 4(7B) makes it unlawful:

> to make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement, with respect to the sale or rental of a multiple dwelling, contiguously located, publicly assisted or other covered housing accommodations that indicates any preference, limitation, or discrimination based on race, color, religion, sex, sexual orientation which shall not include persons whose sexual orientation involves minor children as the sex object, national origin, genetic information, ancestry, children, marital status, public assistance recipiency, or handicap or an intention to make any such preference, limitation, or discrimination except where otherwise legally permitted.

Mass. Gen. Laws ch. 151B § 4(10) makes it unlawful:

> to discriminate against any individual who is a recipient of federal, state, or local public assistance, including medical assistance, or who is a tenant receiving federal, state, or local housing subsidies, including rental assistance or rental supplements, because the individual is such a recipient, or because of any requirement of such public assistance, rental assistance, or housing subsidy program.

Boston Apartment Rentals is responsible for placing on its website rental advertisements that indicate a preference or limitation, or that discriminate, based on children, receipt of a rental subsidy, and source of income, and which have had a disparate impact on members of protected classes based on race, color, or national origin in violation of Mass. Gen. Laws ch. 151B §§ 4(7B) & 4(10).  Compl. at paras. 34-36.

The Fair Housing Center further alleges that the rental advertisements developed and placed by Boston Apartment Rentals on its website violate the Massachusetts Consumer Protection Law, Mass. Gen. Laws ch. 93A §§ 2 and 11, and the common law of negligence.  See Compl. at paras. 38-48.

III.   ARGUMENT[2]

    A.   **The Allegations Of The Complaint Are More Than Sufficient To Withstand Boston Apartment Rentals' Assertion Of Immunity On A Motion To Dismiss**

Boston Apartment Rentals argues that it is immune from suit under the Communications Decency Act, 47 U.S.C. § 230(c)(1), on the basis that it is an Internet service provider and/or interactive computer service that only posts, but is not responsible for developing or creating any aspect of, third-party content on its website. Yet because the allegations in the Complaint support a finding that Boston Apartment Rentals <u>is</u> responsible for the development and/or creation of the rental housing advertising on its website, Boston Apartment Rentals' argument must be rejected and its Motion denied.

Providing access to the Internet is a prerequisite for obtaining immunity under the Communications Decency Act. <u>Zeran v. America Online</u>, 129 F. 3d. 327, 330-331 (4th Cir. 1997). The Communications Decency Act immunizes "Internet service providers" and "interactive computer services"[3] from liability for the speech and content of another, 47 U.S.C. § 230(c)(1), where those entities are not responsible in any way for the creation or development of that speech or content, 47 U.S.C. § 230(f)(3). Thus, the Communications Decency Act immunizes such entities as America Online ("AOL") and Earthlink that provide Internet access

---

[2]    Motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim are generally viewed with disfavor by the federal judiciary because of its strong policy of determining cases on their merits. <u>Drunker v. Sullivan</u>, 334 F. Supp. 861, 863 (D. Mass. 1971). In reviewing such a motion, a court must accept the allegations of the complaint as true, "drawing all reasonable inferences in favor of the plaintiff." <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994). If under any theory, the allegations are sufficient to state a cause of action in accordance with the law, a motion to dismiss must be denied. <u>Vartanian v. Monsanto Co.</u>, 14 F.3d 687, 700 (1st Cir. 1994).

[3]    The act defines an "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2).

to millions of subscribers but do not exert control over the content of the information being accessed.

The Communications Decency Act does not immunize "information content providers" or "interactive computer services" when they are responsible in any way for the content at issue. See MCW, Inc. v. BadBusinessBureau.com, L.L.C., 2004 WL 833595, at *7 (N.D. Tex. 2004) (finding the defendant responsible for the allegedly defamatory content at issue in the litigation and examining the distinction between interactive computer services that post without interference information provided by a third-party and those responsible, in whole or part, for creating or developing any of the information posted raises a question of fact). The Communications Decency Act defines an "information content provider" as "[a]ny person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). "Section 230(c) immunity is not so broad as to extend to an interactive computer service that … takes an active role in creating or developing the content at issue." MCW, 2004 WL 833595, at *8. "Being responsible for the creation or development of the information is sufficient" to defeat immunity. Id. at *10. As the court in MCW indicated, "a party may be responsible for information created or developed by a third party without actually creating or developing the information itself." Id. at *10 and n.12. See also Carafano v. Metrosplash.com, Inc., 207 F. Supp. 2d 1055, 1066-67 (C.D. Cal. 2002).

In moving pursuant to Fed. R. Civ. P. 12(b)(6), the burden is on Boston Apartment Rentals to establish that it is entitled to immunity under the Communications Decency Act as a matter of law, but Boston Apartment Rentals has failed to meet that burden. Boston Apartment Rentals supports its argument in favor of immunity – i.e., that it is merely a service provider that

is not responsible for any content on its website – with unsupported facts and in the absence of an evidentiary record. In essence, Boston Apartment Rentals asks the Court to make a finding of fact that Boston Apartment Rentals is not in any way responsible for creating or developing any of the information posted on its website. This the Court cannot do in disposing of a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ragin v. New York Times, 923 F.2d 995, 999 (2d Cir. 1991).

Rather, the allegations in the Complaint more than sufficiently plead that Boston Apartment Rentals is not simply an AOL-type "bulletin board"[4] but "an entity that is responsible … in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). First, there is no allegation that would support the threshold basis for immunity, i.e., that Boston Apartment Rentals provides access to the Internet. Further, contrary to Boston Apartment Rentals' assertion, the Complaint does not allege that Boston Apartment Rentals is an Internet service provider or interactive computer service publishing only third-party content. Rather, the Complaint clearly alleges facts that Boston Apartment Rentals is itself an information content provider, responsible for reviewing, and thus for developing the content of, the advertisements contained on its website. See Compl. at paras. 7, 11-14.

The Complaint states that "Boston Apartment Rentals solicits, reviews, accepts, and publishes rental advertisements on its website." Compl. at para. 7. The Complaint further alleges that through such review, Boston Apartment Rentals is responsible for the development of the content of those advertisements. See id. at para. 14. Specifically, the Complaint quotes

---

[4]  "A bulletin board, in the Internet context, is a 'computer-based system giving users access from remote terminals to text and programs contributed by one another and stored centrally.'" Batzel v. Smith, 333 F.3d 1018, 1027 n. 9 (9th Cir. 2003) (quoting Oxford English Dictionary at 642 (2d ed. 1989)).

language from Boston Apartment Rentals' website that states "[t]his publication will not knowingly accept any advertising for real estate which is in violation of the law."[5] Id. This proclamation strongly infers that Boston Apartment Rentals plays an active role in developing the content of the advertisements appearing on its website.

Because the Complaint more than sufficiently pleads that Boston Apartment Rentals is not simply an AOL-type bulletin board but an entity that takes responsibility for the creation or development of information provided through its website, Boston Apartment Rentals' instant claim for immunity should be rejected, and the Fair Housing Center's claim against Boston Apartment Rentals should proceed to the merits.

      **B.    Boston Apartment Rentals Should Not Be Permitted To Use The Communications Decency Act To Avoid Liability Under The Fair Housing Laws**

Courts have consistently held that the discriminatory advertising provisions of the Fair Housing Act apply to newspapers and other publishing media that print discriminatory housing advertisements at the request of housing providers, lessors, or their agents. The Fair Housing Act applies to publishing media even though someone other than the publishing media actually drafted and placed the advertisement. United States v. Hunter, 459 F.2d 205, 210 (4th Cir. 1972). In one of the leading fair housing cases, the Second Circuit held that commercial speech related to illegal activity can be regulated and that the Fair Housing Act does not place undue burden on publishing media to investigate and police the housing advertisements they publish. Ragin v. New York Times, 923 F.2d 995, 1002-04 (2d Cir. 1991).

---

[5]    To the extent, however, that Boston Apartment Rentals relies on this language to avoid liability under the Fair Housing Act and Mass. Gen. Laws ch. 151B it is ineffectual toward that end.

The same reasoning is applicable to the discriminatory advertisements published by Boston Apartment Rentals here.[6]  Indeed,

> Given the massive scale of Internet communications, a legal regime that allowed the Internet to become a safe haven for housing discrimination could have disastrous consequences for the important goals that Congress put on the national agenda in 1968: the eradication of housing discrimination and the promotion of diverse communities across America.  With so much at stake, Congress could not have intended, in passing the [Communications Decency Act], to undermine these monumental commitments with nary a discussion of the possible consequences.

Note, Jennifer C. Chang, In Search of Fair Housing in Cyberspace: The Implications of the Communications Decency Act for Fair Housing on the Internet, 55 Stan. L. Rev. 969, 1001 (Dec. 2002).

Moreover, "Congress did not articulate any intention that § 230 [of the Communications Decency Act] limit the applicability of the [Fair Housing Act's] advertising provisions to [Internet service providers], either in the text of § 230 or at any point in its legislative history." Id. at 1011.  Congress's silence "suggests that Congress did not intend for the fair advertising mandates to be abrogated."  Id.  As the Supreme Court explained, "courts are not at liberty to

---

[6]   The U.S. Department of Justice recently settled a housing discrimination case brought against a defendant who owned and operated a website called "www.TheSublet.com".  See United States v. Spyder Web Enterprises, LLC, (D.N.J. 2003), C.A. No. 03-1509 (DMC), available at http://www.usdoj.gov.  The website lists private apartments and houses for rent throughout the country.  Any landlord or person seeking to sublet an apartment can post advertisements on the website free of charge; the fee is paid by the individual looking for housing.  The Justice Department alleged that through the website, the defendant published or caused to be published discriminatory housing advertisements in violation of the Fair Housing Act, 42 U.S.C. § 3604(c).  In a press release relating to the settlement, the Justice Department stated:

> The Internet increasingly serves as consumers' primary source of housing-related information….  In light of its potential to supplant traditional methods of advertising, it is imperative that federal laws prohibiting discriminatory advertising, such as the Fair Housing Act, be enforced as vigorously with regard to Internet advertising as it is to print and broadcast media.

See Department of Justice, Justice Department Announces Settlement of Fair Housing Litigation Against Internet Website (Dec. 30, 2003), available at http://www.usdoj.gov.

pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Morton v. Mancari, 417 U.S. 535, 550 (1974).  Rather, "[i]n the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable." Id. at 550.

The Communications Decency Act and the Fair Housing Act are in no sense irreconcilable.  Pursuant to the Communications Decency Act, information content providers remain liable for advertising that violates the Fair Housing Act where they are responsible in any way for the content of the advertising.  Thus, Boston Apartment Rentals should not be permitted to wave the banner of the Communications Decency Act to avoid applicability of the Fair Housing Act.

## IV.    CONCLUSION

For the foregoing reasons, plaintiff Fair Housing Center of Greater Boston, Inc. respectfully requests that the Court deny Boston Apartment Rentals' Motion to Dismiss Plaintiff's Complaint.  Alternatively, plaintiff requests the opportunity to conduct discovery on the issue of whether Boston Apartment Rentals is entitled to immunity under the Communications Decency Act and to amend the Complaint as necessary.

    Respectfully submitted,

    FAIR HOUSING CENTER OF
    GREATER BOSTON, INC.

    By its attorneys,


    /s/ Irene C. Freidel
    Irene C. Freidel (BBO #559051)
    Andrew C. Glass (BBO #638362)
    Aimée E. Bierman (BBO #640385)
    Jason N. Golub (BBO# pending)
    KIRKPATRICK & LOCKHART LLP
    75 State Street
    Boston, Massachusetts 02109
    (617) 261-3100

    Nadine M. Cohen (BBO # 090040)
    The Lawyers' Committee for Civil Rights
    Under Law of the Boston Bar Association
    294 Washington Street
    Suite 940
    Boston, Massachusetts 02108
    (617) 482-1145


Dated:  May 13, 2004

## CERTIFICATE OF SERVICE

    I, Irene C. Freidel, hereby certify that I have this 13th day of May caused a copy of the foregoing Memorandum to be served by first-class mail upon all counsel of record.

_____
Irene C. Freidel