UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAIR HOUSING CENTER OF GREATER BOSTON, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON APARTMENT RENTALS, A & S REALTY, APARTMENT DEPOT and MARK ROOS REALTY,<br><br>Defendants. | Civil Action No. 04-10572-MLW |

**PLAINTIFF'S OPPOSITION TO DEFENDANT BOSTON
APARTMENT RENTALS' MOTION FOR LEAVE TO FILE AFFIDAVIT**

Plaintiff, the Fair Housing Center of Greater Boston, Inc. (the "Fair Housing Center"), hereby opposes defendant Boston Apartment Rentals' Motion for Leave to File Affidavit in connection with its pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As discussed in detail below, Boston Apartment Rentals' Motion for Leave to file the subject affidavit is entirely inappropriate in the context of a Rule 12(b)(6) motion to dismiss. Moreover, Boston Apartment Rentals' Motion for Leave is grossly untimely, coming over seven months after it filed its Motion to Dismiss and on the eve of oral argument on that motion.

For these reasons and those set forth below, the Fair Housing Center respectfully requests that the Court deny Boston Apartment Rentals' Motion for Leave to File Affidavit and in no way consider the subject affidavit in disposing of Boston Apartment Rentals' pending Motion to Dismiss.

**Argument**

I.  **BOSTON APARTMENT RENTALS' MOTION FOR LEAVE TO FILE AFFIDAVIT IS ENTIRELY INAPPROPRIATE IN THE CONTEXT OF A RULE 12(b)(6) MOTION AND MUST BE DENIED**

In ruling on a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), a Court may only consider the facts alleged in the pleadings, documents incorporated by reference or attached as exhibits to the pleadings, and matters of which the Court may appropriately take judicial notice. See Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co., 993 F.2d 269, 272-73 (1st Cir. 1993); Moore's Federal Practice § 12.34[2] (3d ed. 2004). The subject affidavit falls into none of these categories.

In Boston Apartment Rentals' Motion to Dismiss, defendant asserted that it is immune from suit under the Communications Decency Act, 47 U.S.C. § 230, and therefore that the Fair Housing Center's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). See Boston Apartment Rentals' Motion to Dismiss. In that motion, Boston Apartment Rentals acknowledged that the Court is "limited to the allegations in the Plaintiff's Complaint" and that the Court must "accept all facts pleaded as true, view them in the light most favorable to the Plaintiff, and draw any reasonable inference from them in the Plaintiff's favor." See Boston Apartment Rentals' Motion to Dismiss at 2-3. Now, however, Boston Apartment Rentals moves to file what is little more than a self-serving, conclusory affidavit containing facts completely outside of the Complaint. No matter how much Boston Apartment Rentals might like to argue such facts in support of its assertion that it has a defense to the Fair Housing Center's claims, those facts and the argument based upon them are simply not within the scope of a proper Rule 12(b)(6) motion to dismiss.

In addition, many of the statements set forth in the subject affidavit consist of inadmissible hearsay and/or speculative statements, apparently offered to prejudice the Fair

Housing Center's case in the eyes of the Court even before the Fair Housing Center has had the opportunity to conduct discovery and thus test the veracity of such statements.[1]

Because the Court is not permitted to consider such an affidavit in the context of disposing of a Rule 12(b)(6) motion to dismiss, and because the subject affidavit consists of inadmissible hearsay and/or speculative statements with respect to which the Fair Housing Center has had no opportunity to conduct discovery, the Court must deny Boston Apartment Rentals' Motion for Leave to File Affidavit and disregard the subject affidavit in its entirety in disposing of the pending motion to dismiss.  See Cooperativa de Ahorro, 993 F.2d at 272-73; Moore's Federal Practice § 12.34[2] (3d ed. 2004).

## II.   BOSTON APARTMENT RENTALS' MOTION FOR LEAVE TO FILE AFFIDAVIT IS GROSSLY UNTIMELY AND MUST BE DENIED ON THAT BASIS

Boston Apartment Rentals filed its Motion to Dismiss on April 15, 2004.  See Boston Apartment Rentals' Motion to Dismiss and accompanying Memorandum of Reasons.  Despite the fact that the subject affiant is the sole owner of Boston Apartment Rentals and no doubt possessed the information contained in the affidavit as of April 15, 2004, Boston Apartment Rentals chose not to file such an affidavit in support of its Motion to Dismiss at that time.  Instead, Boston Apartment Rentals waited for more than seven months after filing its Motion to Dismiss and less than a week before the scheduled hearing on its Motion to Dismiss to submit its Motion for Leave to File Affidavit.  Even if it were proper to file an affidavit in support of a Rule 12(b)(6) motion to dismiss (which it is not), the submission of that affidavit now is grossly

---

[1]   Furthermore, the Court should not treat Boston Apartment Rentals' Motion for Leave to File Affidavit as a motion to convert its Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment.  Nowhere has Boston Apartment Rentals requested that the Court do so, nor has Boston Apartment Rentals submitted the requisite attendant papers pursuant to Local Rule 56.1.  To the extent that the Court does convert Boston Apartment Rentals' Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, the Fair Housing Center reserves its right to move pursuant to Rule 56(f) for a continuance to permit the Fair Housing Center to conduct the fact and expert discovery necessary to oppose such a Rule 56 motion for summary judgment.

untimely and violates the requirement under Local Rule 7.1(B)(1) to file supporting affidavits at the time of submitting the underlying motion.

In addition, acceptance of the subject affidavit at the eleventh hour would severly prejudice the Fair Housing Center's ability to oppose Boston Apartment Rentals' Motion to Dismiss. The Fair Housing Center has had no opportunity to conduct discovery to test the veracity of the statements contained in the subject affidavit. Pursuant to Fed. R. Civ. P. 26(d), the Fair Housing Center <u>was</u> <u>not</u> <u>even</u> <u>permitted</u> to conduct discovery until the parties' Rule 26(f) conference held on November 16, 2004. Moreover, Boston Apartment Rentals' submission of the subject affidavit less than a week before the oral argument on its Motion to Dismiss affords no time for the Fair Housing Center to conduct the discovery necessary to test the subject affiant's statements and to prepare an opposing affidavit.

Accordingly, the Court should deny Boston Apartment Rentals' Motion for Leave to File Affidavit and disregard the subject affidavit in its entirety in disposing of the pending motions to dismiss.

## **Conclusion**

For the foregoing reasons, the Fair Housing Center respectfully requests that the Court: (1) deny Boston Apartment Rentals' Motion for Leave to File Affidavit; and (2) disregard the subject affidavit in its entirety in disposing of Boston Apartment Rentals' pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). To the extent that the Court allows Boston Apartment Rentals' Motion for Leave to File Affidavit and converts its Motion to Dismiss into a Rule 56 motion for summary judgment, the Fair Housing Center respectfully reserves its right to move pursuant to Fed. R. Civ. P. 56(f) for a continuance to permit the Fair Housing Center to conduct any fact discovery necessary to fully oppose such a motion.

                                      THE FAIR HOUSING CENTER OF GREATER BOSTON, INC.

                                      By its attorneys,

                                      /s/ Brian M. Forbes
                                      Andrew C. Glass (BBO #638362)
                                        aglass@kl.com
                                      Rory J. FitzPatrick (BBO #169960)
                                        rfitzpatrick@kl.com
                                      Brian M. Forbes (BBO #644787)
                                        bforbes@kl.com
                                      Aimée E. Bierman (BBO #640385)
                                        abierman@kl.com
                                      KIRKPATRICK & LOCKHART LLP
                                      75 State Street
                                      Boston, MA  02109-1808
                                      (617) 261-3100

                                      /s/ Nadine Cohen
                                      Nadine Cohen (BBO #090040)
                                        ncohen@lawyerscom.org
                                      Lawyers' Committee for Civil Rights
                                      Under Law of the Boston Bar Association
                                      294 Washington Street
                                      Boston, MA 02108
                                      (617) 482-1145

Dated:  December 3, 2004

## CERTIFICATE OF SERVICE

     I, Brian M. Forbes, hereby certify that I have this 3rd day of December caused a copy of the foregoing document to be served upon all counsel of record by electronic filing or by U.S. Mail.

                                      /s/ Brian M. Forbes
                                      Brian M. Forbes