UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAIR HOUSING CENTER OF GREATER BOSTON, INC., <br><br> Plaintiff, <br><br> v. <br><br> A&S REALTY, INC., APARTMENT DEPOT, and MARC ROOS REALTY, <br><br> Defendants. | C.A. No. 04-10572-MLW |

## AMENDED COMPLAINT

### Introduction

1.   This is an action for declaratory judgment, permanent injunctive relief, damages, and attorneys' fees and costs, alleging discriminatory advertising and other practices in violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq., the Massachusetts Anti-Discrimination Act, Mass. Gen. Laws ch. 151B, and the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A.  Defendants operate real estate companies involved in the business of renting apartments for property owners.  As part of defendants' real estate businesses, defendants draft the content of notices, statements, advertisements, or listings for properties available for rent and post those notices, statements, advertisements, or listings on the Internet.  Plaintiff, the Fair Housing Center of Greater Boston, Inc. (the "Fair Housing Center"), alleges that defendants create, develop, or are responsible, in whole or in part, for the creation or development of rental notices, statements, advertisements, or listings – that defendants make, print, or publish, or cause to be made, printed or published on the Internet – that unlawfully express a preference or

limitation for housing based on familial status, children, receipt of a rental subsidy, and source of income and that have had a disparate impact on members of protected classes based on race, color, or national origin.

## Jurisdiction and Venue

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(4) and 42 U.S.C. §§ 3612 and 3617. The Court also has pendent jurisdiction over the Massachusetts statutory claims.

3. Venue is proper in this district under 28 U.S.C. § 1391(a) because defendants are located in the District of Massachusetts and the causes of action arise in the District of Massachusetts.

## Parties

4. Plaintiff, the Fair Housing Center of Greater Boston, Inc., is a private, non-profit, fair housing membership organization dedicated to promoting equal housing opportunities for all people in Boston and the Greater Boston area. Its constituents include, but are not limited to, persons seeking rental housing through notices, statements, advertisements, or listings made, printed, published, or posted on the Internet, including, but not limited to, Internet websites operated, or controlled in whole or in part, by defendants A&S Realty, Inc., Apartment Depot, and Marc Roos Realty.

5. The Fair Housing Center devotes resources to ensure that all persons have an equal opportunity to access housing. The Fair Housing Center identifies and takes actions to eliminate discriminatory housing practices through education, counseling, investigation, and enforcement.

6. The Fair Housing Center's mission has been frustrated by defendants' discriminatory actions, which have the effect of sanctioning discrimination in the provision of

housing. The Fair Housing Center's ability to provide counseling and other services has been impaired because it has diverted and continues to divert significant resources from its usual activities to identify and counteract defendants' discriminatory advertising practices, including, but not limited to, the time and resources the Fair Housing Center spends investigating and monitoring defendants' websites, or websites over which defendants exert control.

7. Defendant A&S Realty, Inc. (hereinafter, "A&S Realty") is a Massachusetts corporation with a principal place of business located at 271 Newbury Street, Boston, Massachusetts. A&S Realty is a full service real estate company specializing in apartment rentals that has been in business since 1960. A&S Realty is a member of the Greater Boston Real Estate Board. A&S Realty creates, develops, or is responsible, in whole or in part, for the creation or development of rental notices, statements, advertisements, or listings that it makes, prints, or publishes, or causes to be made, printed or published on its websites, or portions of other websites over which it exerts control, including, but not limited to, www.aandsrealty.com, www.bostonmove.com, and www.bostonapartments.com/aandsrealty.htm.

8. Defendant Apartment Depot is a Massachusetts entity with a principal place of business located at 1246 A Commonwealth Avenue, Allston, Massachusetts. Apartment Depot is a real estate company involved in sales, rentals, investments, and property management. It has been in business for 16 years in the Boston market. Apartment Depot creates, develops, or is responsible, in whole or in part, for the creation or development of rental notices, statements, advertisements, or listings that it makes, prints, or publishes, or causes to be made, printed, or published on its websites, or portions of other websites over which it exerts control, including, but not limited to, www.apartmentdepot.com and www.bostonapartments.com/aptdepot.htm.

9.  Defendant Marc Roos Realty is a Massachusetts entity with principal places of business located at 484 Commonwealth Avenue, Boston, Massachusetts, and at 231 Harvard Avenue, Allston, Massachusetts. Marc Roos Realty is a real estate company that has been in the Boston real estate market for over ten years. It services all of Greater Boston and specializes in apartment rentals, property sales, and property management. Marc Roos Realty creates, develops, or is responsible, in whole or in part, for the creation or development of rental notices, statements, advertisements, or listings that it makes, prints, or publishes, or causes to be made, printed or published on its websites, or portions of other websites over which it exerts control, including, but not limited to, www.marcroos.com and www.bostonapartments.com/roos.htm.

### Facts

#### A&S Realty

10.  A&S Realty creates, develops, or is responsible, in whole or in part, for the creation or development of rental notices, statements, advertisements, or listings that it makes, prints, or publishes, or causes to be made, printed or published on websites, including, but not limited to, www.aandsrealty.com, www.bostonmove.com, and www.bostonapartments.com/aandsrealty.htm.

11.  A&S Realty represents to property owners who wish to list their properties with A&S Realty that A&S Realty will draft the content of rental notices, statements, advertisements, or listings for property owners and then post the rental notices, statements, advertisements, or listings on A&S Realty's websites or portions of other websites over which it exerts control.

12.  A&S Realty receives a monetary fee for the services it provides in renting properties, including the rental notices, statements, advertisements, or listings that A&S Realty drafts and posts on its websites or portions of other websites over which it exerts control.

13. A&S Realty places its name in connection with rental notices, statements, advertisements, or listings appearing on its websites, including, but not limited to, www.aandsrealty.com, www.bostonmove.com, and www.bostonapartments.com/aandsrealty.htm. A&S Realty posts a copyright statement at the bottom of each webpage of its apartment rental listings that states, for example, "Copyright © 2005, A&S Realty, All Rights Reserved".

14. A review of A&S Realty's websites, or portions of other websites over which it exerts control, conducted between June and August 2003 revealed rental notices, statements, advertisements, or listings that include, but are not limited to, the following discriminatory statements: "professionals only", "owner prefers medical affiliated tenant," "nice professional building;" "great for roommates or one person;" "professional building;" "perfect for medical students, residents or anyone working or studying around the Longwood Medical area;" "student building;" "perfect for the medical personnel that wants to be close;" "Berklee student perfect apt;" and "perfect location for Berklee or NU or Emerson or Conservatory." A&S Realty's name appears in connection with the webpages containing the statements quoted in this paragraph. These rental notices, statements, advertisements, or listings express preferences or limitations that discriminate against persons with rental subsidies and families with children and have a disparate impact on members of protected classes based on race, color, or national origin.

15. A review of A&S Realty's websites, or portions of other websites over which it exerts control, conducted between December 2003 and January 2004 revealed rental notices, statements, advertisements, or listings that include, but are not limited to, the following discriminatory statements: "students acceptable with a co-signer;" "perfect location for Berklee or NU or Emerson, or Conservatory;" "professionals only;" "the price could also be a little

flexible for the right tenant;" "all professional building;" "special incentives may be available!;" and "Student Building." A&S Realty's name appears in connection with the webpages containing the statements quoted in this paragraph. These rental notices, statements, advertisements, or listings express preferences or limitations that discriminate against persons with rental subsidies and families with children and have a disparate impact on members of protected classes based on race, color, or national origin.

16.     A review of A&S Realty's websites, or portions of other websites over which it exerts control, conducted in January 2005 revealed rental notices, statements, advertisements, or listings that include, but are not limited to, the following discriminatory statement: "In a professional building, but if you're a quiet, responsible student, that works too." A&S Realty's name appears in connection the webpage containing the statement quoted in this paragraph. This rental notice, statement, advertisement, or listing expresses preferences or limitations that discriminate against persons with rental subsidies and families with children and have a disparate impact on members of protected classes based on race, color, or national origin.

**Apartment Depot**

17.     Apartment Depot creates, develops, or is responsible, in whole or in part, for the creation or development of rental notices, statements, advertisements, or listings that it makes, prints, or publishes, or causes to be made, printed or published on websites, including, but not limited to, www.apartmentdepot.com and www.bostonapartments.com/aptdepot.htm.

18.     Apartment Depot represents to property owners who wish to list their properties with Apartment Depot that Apartment Depot will draft the content of rental notices, statements, advertisements, or listings for property owners and then post the rental notices, statements,

advertisements, or listings on Apartment Depot's websites or portions of other websites over which it exerts control.

19.  Apartment Depot receives a monetary fee for the services it provides in renting properties, including the rental notices, statements, advertisements, or listings that Apartment Depot drafts and posts on its websites or portions of other websites over which it exerts control.

20.  Robert Einhorn, who, upon information and belief, operates or manages Apartment Depot, is a licensed real estate broker.

21.  Apartment Depot advises property owners that if they do not want to rent to tenants with young children, Apartment Depot will "watch out for families."

22.  Apartment Depot places its name in connection with rental notices, statements, advertisements, or listings appearing on its websites, including, but not limited to, www.bostonapartments.com/aptdepot.htm and www.apartmentdepot.com.

23.  A review of Apartment Depot's website, or portions of other websites over which it exerts control, conducted between June and August 2003 revealed rental notices, statements, advertisements, or listings that include, but are not limited to, the following discriminatory statements: "apartment is not deleaded" and "professional building." Apartment Depot's name appears in connection with the webpages containing the statements quoted in this paragraph. These rental notices, statements, advertisements, or listings express preferences or limitations that discriminate against persons with rental subsidies and families with children and have a disparate impact on members of protected classes based on race, color, or national origin.

24.  A review of Apartment Depot's website, or portions of other websites over which it exerts control, conducted between December 2003 and January 2004 revealed rental notices, statements, advertisements, or listings that include, but are not limited to, the following

discriminatory statements: "security deposit is negotiable with good employment/landlord references;" "apartment is not deleaded;" "only first month required (dependant [sic] on credit) security;" "no security deposit required with good credit and stable employment;" "this is a professional building;" and "professional inquiries only." Apartment Depot's name appears in connection with the webpages containing the statements quoted in this paragraph. These rental notices, statements, advertisements, or listings express preferences or limitations that discriminate against persons with rental subsidies and families with children and have a disparate impact on members of protected classes based on race, color, or national origin.

25.  A review of Apartment Depot's website, or portions of other websites over which it exerts control, conducted April 2004 revealed rental notices, statements, advertisements, or listings that include, but are not limited to, the following discriminatory statement: "No Security Deposit required with good credit and stable employment." Apartment Depot's name appears in connection with the webpage containing the statement quoted in this paragraph. This rental notice, statement, advertisement, or listing expresses preferences or limitations that discriminate against persons with rental subsidies and has a disparate impact on members of protected classes based on race, color, or national origin.

**Marc Roos Realty**

26.  Marc Roos Realty creates, develops, or is responsible, in whole or in part, for the creation or development of rental notices, statements, advertisements, or listings that it makes, prints, or publishes, or causes to be made, printed or published on websites, including, but not limited to, www.marcroos.com and www.bostonapartments.com/roos.htm.

27.  Marc Roos Realty represents to property owners who wish to list their properties with Marc Roos Realty that Marc Roos Realty will draft the content of rental notices, statements,

advertisements, or listings for property owners and then post the rental notices, statements, advertisements, or listings on Marc Roos Realty's websites or portions of other websites over which it exerts control.

28.  Marc Roos Realty receives a monetary fee for the services it provides in renting properties, including the rental notices, statements, advertisements, or listings that Marc Roos Realty drafts and posts on its websites or portions of other websites over which it exerts control.

29.  Marc Roos, who, upon information and belief, operates or manages Marc Roos Realty, is a licensed real estate salesperson.

30.  Marc Roos Realty places its name in connection with rental notices, statements, advertisements, or listings appearing on its websites, including, but not limited to, www.bostonapartments.com/roos.htm and www.marcroos.com.

31.  A review of Marc Roos Realty's website, or portions of other websites over which it exerts control, conducted between June and August 2003 revealed rental notices, statements, advertisements, or listings that include, but are not limited to, the following discriminatory statements:  "perfect for BU students;" "why not live in this spacious 5-6 bedroom with friends;" "convenient for BU students;" "great for both professionals and students;" "BU, undergrads/grads are welcome;" "perfect for professionals;" "students welcome;" "perfect for the young professional or responsible grad student;" "professionals and grad students only;" "perfect for BU students;" "good location for BU and BC students;" "great for BC students;" "perfect for working tenants;"  "graduate students and professionals only;" "perfect for professionals or student;" "perfect for students and professionals;" "great location for BU students in South Campus;" "professionals and graduate students welcomed;" "great for professionals;" "great for professionals and graduate students;" "professionals and graduate students welcomed;"

"Landlord looking for professionals or grad student;" "perfect for professionals or grad students;" "great location for Medical area or Northeastern Students;" "great for students;" "perfect for young professional or grad student;" "professionals only;" and "professionals preferred." Marc Roos Realty's name appears in connection with the webpages containing the statements quoted in this paragraph. These rental notices, statements, advertisements, or listings express preferences or limitations that discriminate against persons with rental subsidies and families with children and have a disparate impact on members of protected classes based on race, color, or national origin.

       32.    A review of Marc Roos Realty's website, or portions of other websites over which it exerts control, conducted between December 2003 and January 2004 revealed rental notices, statements, advertisements, or listings that include, but are not limited to, the following discriminatory statements: "great place for BU students;" "apartment is perfect for the young professional or responsible grad student;" "professional and grad students only;" "perfect for students;" "graduate students and professionals only;" "perfect for working tenants;" "perfect for BU or BC students;" "perfect for professionals or student;" "perfect for two nice professionals;" "perfect for professionals;" "great for professionals and graduate students;" "professionals and graduate students welcomed;" "professionals and graduate students;" "great for professionals;" "landlord is looking for professionals or grad student;" "great location for Medical Area or Northeastern students;" and "professionals preferred." Marc Roos Realty's name appears in connection with the webpages containing the statements quoted in this paragraph. These rental notices, statements, advertisements, or listings express preferences or limitations that discriminate against persons with rental subsidies and families with children and have a disparate impact on members of protected classes based on race, color, or national origin.

33. A review of Marc Roos Realty's website, or portions of other websites over which it exerts control, conducted between April 2004 and January 2005 revealed rental notices, statements, advertisements, or listings that include, but are not limited to, the following discriminatory statements: "Ideal for working tenants;" "Great for both professionals and students;" "Students welcome;" "Professionals and grad students only;" "This property is perfect for the young professional or responsible grad student;" "Great for students;" "Professionals or grad students only;" "Professionals and graduate students only;" "centrally located near major hospitals, colleges and downtown businesses;" "Perfect for two nice professionals;" "Professional complex;" and "Professional building." Marc Roos Realty's name appears in connection with the webpages containing the statements quoted in this paragraph. These rental notices, statements, advertisements, or listings express preferences or limitations that discriminate against persons with rental subsidies and families with children and have a disparate impact on members of protected classes based on race, color, or national origin.

### General Factual Assertions

34. Defendants operate real estate companies involved in the business of renting apartments for property owners. As part of defendants' real estate businesses, defendants draft the content of notices, statements, advertisements, or listings for properties available for rent and then post those notices, statements, advertisements, or listings on the Internet.

35. Defendants' creation, development, or responsibility, in whole or in part, for the creation or development of rental notices, statements, advertisements, or listings that they make, print, or publish, or cause to be made, printed or published on their websites, with the above discriminatory content violates both federal and Massachusetts law.

36. The effect of defendants' discriminatory rental notices, statements, advertisements, or listings has been to restrict the housing choices and opportunities for families with children and persons with rental subsidies. Further, because a disproportionate number of persons with rental subsidies and families with children are people of color, these rental notices, statements, advertisements, or listings have had the effect of discriminating against people based on race, color, and national origin.

37. As a result of defendants' discriminatory rental notices, statements, advertisements, or listings, homeseekers have been deprived of their right to non-preferential housing advertising and of their right to contract for and rent housing on an equal basis with other people without restriction or limitation based on race, color, national origin, children, family status, receipt of a rental subsidy, or source of income.

38. Defendants' creation, development, or responsibility, in whole or in part, for the creation or development of the content of rental notices, statements, advertisements, or listings that they make, print, or publish, or cause to be made, printed or published on their websites, has had the effect of sanctioning discrimination by housing providers and allowing housing providers to believe it is lawful and acceptable to indicate a preference or limitation – or to discriminate – based on membership in a protected class in offering housing. In addition, the making, printing, or publication of discriminatory notices, statements, advertisements, or listings has had the effect of discouraging readers from pursuing their right to seek certain housing. Furthermore, because discriminatory language is repeatedly read in the rental notices, statements, advertisements, or listings posted on defendants' websites, many homeseekers have come to believe that such discrimination is permissible and thus do not know to take legal action when such preferences are expressed directly to them by landlords and housing providers.

39. Defendants' discriminatory advertising practices have frustrated the Fair Housing Center's mission and interfered with its efforts to bring about equality of housing opportunities and have denied and interfered with the rights of its members and constituents to obtain rental housing free from unlawful discrimination. The Fair Housing Center's ability to provide counseling and other services has been impaired because it has diverted and continues to divert significant resources from its usual activities to identify and counteract defendants' discriminatory advertising and other practices, including, but not limited to, the time and resources the Fair Housing Center spends investigating and monitoring defendants' websites.

## COUNT I

### Fair Housing Act, 42 U.S.C. § 3604(c), Claim against all Defendants

40. The Fair Housing Center re-alleges and incorporates by reference the allegations of paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. Section 3604(c) of the Fair Housing Act makes it unlawful:

> to make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

42. Defendants have made and printed or published, or caused to be made and printed or published – and upon information and belief, absent this lawsuit, would continue to make and print or publish or cause to make and print or publish – rental advertisements that indicate a preference or limitation, or that discriminate, based on familial status, and that have a disparate impact on members of protected classes based on race, color, or national origin, in violation of 42 U.S.C. § 3604(c).

43. As a result of defendants' violations of the Fair Housing Act, the Fair Housing Center has been damaged thereby and is entitled to an award of damages and equitable relief.

## COUNT II

### Fair Housing Act, 42 U.S.C. § 3605, Claim against Apartment Depot

44. The Fair Housing Center re-alleges and incorporates by reference the allegations of paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Section 3605(a) of the Fair Housing Act makes it unlawful:

> for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.

46. Upon information and belief, in renting properties, Apartment Depot discriminates against individuals based on familial status in residential real estate-related transactions, in violation of 42 U.S.C. § 3605.

47. As a result of Apartment Depot's violation of the Fair Housing Act, the Fair Housing Center has been damaged thereby and is entitled to an award of damages and equitable relief.

## COUNT III

### Fair Housing Act, 42 U.S.C. § 3604(a), Claim against Apartment Depot

48. The Fair Housing Center re-alleges and incorporates by reference the allegations of paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. Section 3604(a) of the Fair Housing Act makes it unlawful:

> to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

50.  Upon information and belief, in renting properties, Apartment Depot otherwise makes housing unavailable to families, in violation of 42 U.S.C. § 3604(a).

51.  As a result of Apartment Depot's violation of the Fair Housing Act, the Fair Housing Center has been damaged thereby and is entitled to an award of damages and equitable relief.

## COUNT IV

### Massachusetts Anti-Discrimination Act, Mass. Gen. Laws ch. 151B, §§ 4(7B) and 4(10), Claim against All Defendants

52.  The Fair Housing Center re-alleges and incorporates by reference the allegations of paragraphs 1 through 51 of this Complaint, as though fully set forth herein.

53.  Mass. Gen. Laws ch. 151B, § 4(7B) makes it unlawful:

> to make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement, with respect to the sale or rental of a multiple dwelling, contiguously located, publicly assisted or other covered housing accommodations that indicates any preference, limitation, or discrimination based on race, color, religion, sex, sexual orientation which shall not include persons whose sexual orientation involves minor children as the sex object, national origin, genetic information, ancestry, children, marital status, public assistance recipiency, or handicap or an intention to make any such preference, limitation, or discrimination except where otherwise legally permitted.

54.  Mass. Gen. Laws ch. 151B, § 4(10) makes it unlawful:

> to discriminate against any individual who is a recipient of federal, state, or local public assistance, including medical assistance, or who is a tenant receiving federal, state, or local housing subsidies, including rental assistance or rental supplements, because the individual is such a recipient, or because of any requirement of such public assistance, rental assistance, or housing subsidy program.

55.  Defendants have made and printed or published, or caused to be made and printed or published – and, upon information and belief, absent this lawsuit, would continue to make and

print or publish or cause to make and print or publish – rental advertisements that indicate a preference or limitation, or that discriminate, based on children, receipt of a rental subsidy, and source of income, and that have a disparate impact on members of protected classes based on race, color, or national origin, in violation of the Mass. Gen. Laws ch. 151B, §§ 4(7B) and 4(10).

56.     As a result of defendants' violations of the Massachusetts Anti-Discrimination Law, the Fair Housing Center has been damaged thereby and is entitled to an award of damages and equitable relief.

## COUNT V

### Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, Claim against All Defendants

57.     The Fair Housing Center re-alleges and incorporates by reference the allegations of paragraphs 1 through 56 of this Complaint, as though fully set forth herein.

58.     At all relevant times hereto, defendants were engaged in trade or commerce within the meaning of Mass. Gen. Laws ch. 93A, § 1(b).

59.     Defendants' actions as set forth herein constitute "unfair or deceptive acts or practices in the conduct of any trade or commerce" within the meaning of Mass. Gen. Laws ch. 93A, § 2.

60.     Defendants' actions occurred primarily and substantially within the Commonwealth of Massachusetts.

61.     At all relevant times, the Fair Housing Center was engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A, § 1(b) and has suffered a loss of money or property in an amount to be determined at trial as a result of defendants' violations of Mass. Gen. Laws ch. 93A, § 2.

62. Defendants' violations of Mass. Gen. Laws ch. 93A, § 2 were willful and/or knowing violations of said statute.

63. Defendants are therefore liable to the Fair Housing Center, pursuant to Mass. Gen. Laws ch. 93A, §§ 2 and 11, in an amount equal to and not less than twice and up to three times the Fair Housing Center's damages.

64. The Fair Housing Center is also entitled to an award of reasonable attorneys' fees and costs incurred in this action as a result of defendants' violations of Mass. Gen. Laws ch. 93A, §§ 2 and 11.

## Relief Requested

WHEREFORE, the Fair Housing Center respectfully requests this Court to enter judgment as follows:

1. Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, that defendants have violated the Fair Housing Act, 42 U.S.C. § 3604 (c) and the Massachusetts Anti-Discrimination Law, Mass. Gen. Laws ch. 151B, §§ 4(7B) & 4(10).

2. Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Apartment Depot has violated the Fair Housing Act, 42 U.S.C. §§ 3604 (a) and 3605.

3. Issue a permanent injunction enjoining defendants, their employees, agents, representatives, successors and assigns, and all persons in active concert, combination, and participation with them, from further violating any of the above laws.

4. Order defendants to take such affirmative steps as necessary to ensure that the violations of the above laws do not continue to occur and to take actions to monitor all future real estate advertisements to ensure that they do not discriminate on the basis of familial status, children, receipt of a rental subsidy, source of income, race, color, or national origin.

- 18 -

    5.    Award the Fair Housing Center judgment against defendants for compensatory and punitive damages in an amount to be determined at trial.

    6.    Enter judgment that defendants' actions amount to violations of Mass. Gen. Laws ch. 93A and that the Fair Housing Center is entitled to an award of attorneys' fees, costs, and treble damages under the Act.

    7.    Award the Fair Housing Center's reasonable attorneys' fees and costs.

    8.    Grant the Fair Housing Center such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, the Fair Housing Center of Greater Boston, Inc., hereby demands a trial by jury on all issues so triable.

                                FAIR HOUSING CENTER OF
                                GREATER BOSTON, INC.
                                By its attorneys,


*/s/ Nadine Cohen*

---

Nadine Cohen (BBO # 090040)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW OF THE BOSTON BAR
ASSOCIATION
294 Washington Street
Boston, Massachusetts 02108
(617) 482-1145


*/s/ Andrew C. Glass*
*/s/ Amy B. Abbott*

---

Andrew C. Glass (BBO #638362)
Rory FitzPatrick (BBO #169960)
Aimée E. Bierman (BBO #640385)
Brian M. Forbes (BBO #644787)
Amy B. Abbott (BBO #648072)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, Massachusetts 02109
(617) 261-3100

Dated: January 28, 2005

## CERTIFICATE OF SERVICE

I, Andrew C. Glass, hereby certify that on January 28, 2005, I served a copy of the foregoing document upon all counsel of record by electronic filing or by U.S. Mail.

*/s/ Andrew C. Glass*
_____
Andrew C. Glass