## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**FAIR HOUSING CENTER OF**
**GREATER BOSTON, INC.,**
      **Plaintiff,**

**v.**                              **C.A. NO.:  04 10572 MLW**

**A&S REALTY, APARTMENT DEPOT,**
**and MARC ROOS REALTY,**
      **Defendants.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### ANSWER AND JURY DEMAND OF THE DEFENDANT,
### MARC ROOS REALTY

      NOW COMES the Defendant, Marc Roos Realty, (hereinafter "Roos"), who answers the Plaintiff's Complaint as follows:

### INTRODUCTION

1.      The Plaintiff's action and allegations speak for themselves and Roos is not required to further respond thereto.  However, to the extent any factual allegations are deemed to have been made by the Plaintiff in Paragraph 1, then in that case Roos denies each such allegation.

### JURISDICTION AND VENUE

2.      Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 2.

3.      Roos admits that it is located in the District of Massachusetts, and states by way of further response that it is without knowledge sufficient to form a belief as to the truth or falsity of the rest of the allegations made in Paragraph 3.

## PARTIES

4.      Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 4.

5.      Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 5.

6.      Roos denies the allegations in Paragraph 6 insofar as it is concerned, and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the rest of the allegations in Paragraph 6.

7.      Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 7.

8.      Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 8.

9.      Roos admits the allegations contained in the first clause of the first sentence of Paragraph 9, and denies the allegations contained in the second clause of the first sentence of Paragraph 9.  Roos denies the rest of the allegations contained in paragraph 9.

## FACTS

### (A&S Realty)

10-16, inclusive.  Roos states that the facts alleged in paragraphs 10-16, inclusive, are not directed to it and that Roos is not required to further respond thereto.  However, in the event any factual allegations are deemed to have been made against Roos in paragraphs 10-16, inclusive, then in that case Roos denies each such allegation.

2

(Apartment Depot)

17-25, inclusive.  Roos states that the facts alleged in paragraphs 17-25, inclusive, are not directed to it and that Roos is not required to further respond thereto.  However, in the event any factual allegations are deemed to have been made against Roos in paragraphs 17-25, inclusive, then in that case Roos denies each such allegation.

(Marc Roos Realty)

26.    Roos denies the allegations contained in paragraph 26.

27.    Roos denies the allegations contained in paragraph 27.

28.    Roos admits the allegations contained in paragraph 28 up to the word "properties", and denies the rest of the allegations contained in Paragraph 28.

29.    Roos denies the allegations contained in paragraph 29.

30.    Roos denies the allegations contained in paragraph 30.

31.    Roos denies the allegations contained in paragraph 31.

32.    Roos denies the allegations contained in paragraph 32.

33.    Roos denies the allegations contained in paragraph 33.

## GENERAL FACTUAL ASSERTIONS

34.    Roos denies the allegations contained in Paragraph 34 as far as it is concerned. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 insofar as they pertain to any other Defendant.

35.    Roos denies the allegations contained in Paragraph 35 as far as it is concerned. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 insofar as they pertain to any other Defendant.

36.     Roos denies the allegations contained in Paragraph 36 as far as it is concerned. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 insofar as they pertain to any other Defendant.

37.     Roos denies the allegations contained in Paragraph 37 as far as it is concerned. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 insofar as they pertain to any other Defendant.

38.     Roos denies the allegations contained in Paragraph 38 as far as it is concerned. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 insofar as they pertain to any other Defendant.

39.     Roos denies the allegations contained in Paragraph 39 as far as it is concerned. Roos is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 insofar as they pertain to any other Defendant.

## <u>COUNT I</u>

### <u>Fair Housing Act, 42 U.S.C. §3604(c), Claim Against All Defendants</u>

40.     Roos incorporates its responses to the allegations made in paragraphs 1-39, inclusive, as though they were fully set forth herein.

41.     Roos states that the provisions of §3604(c) of the Fair Housing Act speak for themselves and that Roos is not required to further respond thereto.

42.     Roos denies the allegations contained in paragraph 42 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 insofar as they pertain to any of the other defendants.

43.     Roos denies the allegations contained in paragraph 43 insofar as it is concerned and states that it is without knowledge sufficient for form a belief as to the truth or falsity of the allegations in paragraph 43 insofar as they pertain to any of the other defendants.

## COUNTS II AND III

### (Against Apartment Depot Only)

44-51, inclusive.  Roos states that the facts alleged in paragraphs 44-51, inclusive, are not directed to it and that Roos is not required to further respond thereto.  However, in the event any factual allegations are deemed to have been made against Roos in paragraphs 44-51, inclusive, then in that case Roos denies each such allegation.

## COUNT IV

### Massachusetts Anti-Discrimination Act, Mass. Gen. Laws ch. 151B, §§4(7B) and 4(10), claim against ALL Defendants.

52.     Roos incorporates its responses to the allegations made in paragraphs 1-51, inclusive, as though they were fully set forth herein.

53.     Roos states that the provisions of M.G.L. c. 151B §4(7B) speak for themselves and that Roos is not required to further respond thereto.

54.     Roos states that the provisions of M.G.L. c. 151B §4(10) speak for themselves and that Roos is not required to further respond thereto.

55.     Roos denies the allegations contained in paragraph 55 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 insofar as they pertain to any of the other defendants.

56.    Roos denies the allegations contained in paragraph 56 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 insofar as they pertain to any of the other defendants.

<u>**COUNT V**</u>

<u>**Massachusetts Consumer Protection Act,**</u>
<u>**Mass. Gen. Laws ch. 93A, Claim Against ALL Defendants**</u>

57.    Defendant Roos incorporates its responses to the allegations made in paragraphs1-56, inclusive, as though they were fully set forth herein.

58.    Roos admits the allegations contained in paragraph 58 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 insofar as they pertain to any of the other defendants.

59.    Roos denies the allegations contained in paragraph 59 insofar as it is concerned and states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 insofar as they pertain to any of the other defendants.

60.    Roos admits that it does business in Massachusetts and denies that any of its actions are wrongful or illegal in any respect or are otherwise actionable.  By way of further response, Roos states that it is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 insofar as they pertain to any of the other defendants.

61.    Defendant Roos denies the allegations contained in paragraph 61.

62.    Defendant Roos denies the allegations contained in paragraph 62.

63.    Defendant Roos denies the allegations contained in paragraph 63.

64.    Defendant Roos denies the allegations contained in paragraph 64.

## AFFIRMATIVE DEFENSES
### (All Counts)

### FIRST AFFIRMATIVE DEFENSE

FHC's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

FHC does not have standing to bring its Complaint.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over FHC's Complaint.

### FOURTH AFFIRMATIVE DEFENSE

FHC failed to satisfy the statutory condition(s) precedent necessary for FHC to be entitled to file suit for violation of M.G.L. c.151B.

### FIFTH AFFIRMATIVE DEFENSE

FHC has suffered no legally cognizable damages and fails to meet the Constitutional requirements under Article III for access to the federal court system.

### SIXTH AFFIRMATIVE DEFENSE

If it is determined that FHC sustained damages, which Roos denies, those damages were the result of conduct of individuals or entities over whom Roos had no control and for whose conduct Roos was not and is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

If FHC has sustained damages, FHC contributed to, and/or failed to mitigate such damages, and any recovery should be barred or diminished due to such failure.

### EIGHTH AFFIRMATIVE DEFENSE

FHC has failed to exhaust its administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

FHC's action is barred by laches.

## TENTH AFFIRMATIVE DEFENSE

Roos incorporates herein by reference the affirmative defenses asserted by any other defendant who appears in this action as though each such defense was fully set forth herein.

WHEREFORE, the Defendant, Roos, requests the Plaintiff take nothing, that Roos receive judgment in its favor as to all counts, that the plaintiff not be accorded any declaratory or injunctive relief, that Roos not be required to take any affirmative steps whatsoever or change its conduct, and that Roos be afforded such other relief as is proper and just.

## JURY DEMAND

DEFENDANT ROOS DEMANDS A TRIAL BY JURY
ON ALL COUNTS SO TRIABLE TO A JURY.

Marc Roos Realty,
By its attorneys,


/s/ Alan D. Hoch
David J. Hatem, PC BBO#225700
Alan D. Hoch, Esquire BBO#548645
Nicholas A. Ogden, Esquire BBO#652033
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA  02210
Date:   March 18, 2005          Tel. No.:  617-406-4500

## CERTIFICATE OF SERVICE

I, Alan D. Hoch, hereby certify that I have, this 18th day of March, 2005, served a copy of the Defendant, Marc Roos Realty's Answer to Plaintiff's Amended Complaint, by mailing, postage prepaid, to:

Nadine Cohen, Esquire
Lawyers' Committee for Civil Rights
Under Law of the Boston Bar Association
294 Washington Street
Boston, MA  02108

Brian Forbes, Esquire
Andrew C. Glass, Esquire
Kirkpatrick & Lockhart, LLP
75 State Street
Boston, MA  02109-1808

James B. Krasnoo, Esquire
Paul J. Klehm, Esquire
Law Offices of James B. Krasnoo
23 Main Street
Andover, MA  01810

Christopher Maffucci, Esquire
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

_____
Alan D. Hoch

00903610

9