UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-10572 MLW

FAIR HOUSING CENTER OF
GREATER BOSTON, INC.,

       Plaintiff

v.

A&S REALTY, INC.,  APARTMENT DEPOT
and MARK ROOS REALTY

       Defendants

## ANSWER OF A&S REALTY, INC. TO PLAINTIFF'S AMENDED COMPLAINT

In response to plaintiff Fair Housing Center of Greater Boston, Inc.'s ("FHC") amended complaint, defendant A&S Realty, Inc., admits, denies and states as follows:

### Introduction

1.      A&S Realty, Inc. ("A&S Realty') states that paragraph 1 contains an allegation of law and/or an allegation of opinion, not fact, and therefore no answer is required.  To the extent that paragraph 1 contains any factual allegations, A&S Realty denies them.

### Jurisdiction and Venue

2.      A&S Realty states that paragraph 2 contains an allegation of law and/or an allegation of opinion, not fact, and therefore no answer is required.  To the extent that paragraph 2 contains any factual allegations, A&S Realty denies them.

3.      A&S Realty states that paragraph 3 contains an allegation of law and/or an allegation of opinion, not fact, and therefore no answer is required.  To the extent that paragraph 3 contains any factual allegations, A&S Realty denies them.

### Parties

4.     A&S Realty lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies them.

5.     A&S Realty lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies them.

6.     A&S Realty lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies them.

7.     A&S Realty admits in part and denies in part, the allegations in paragraph 7 of the amended complaint.  A&S Realty admits that it is a Massachusetts corporation with a principal place of business in Boston, Massachusetts.  The remaining allegations in paragraph 7 are denied.

8.     A&S Realty lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies them.

9.     A&S Realty lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies them.

### Facts

10.     A&S Realty admits in part and denies in part, the allegations in paragraph 10 of the amended complaint.  A&S Realty admits that it posts listings for apartment rentals on its website.  The remaining allegations in paragraph 10 are denied.

11.     A&S Realty admits in part and denies in part, the allegations in paragraph 11 of the amended complaint.  A&S Realty admits that it posts listings for apartment rentals on its website.  The remaining allegations in paragraph 11 are denied.

12.     A&S Realty admits in part and denies in part, the allegations in paragraph 12 of the amended complaint.  A&S Realty admits that it receives fees for some of its services.  The remaining allegations in paragraph 12 are denied.

13.    A&S Realty admits in part and denies in part, the allegations in paragraph 13 of the amended complaint. A&S Realty admits that it uses copyright notifications on some website postings. The remaining allegations in paragraph 13 are denied.

14.    A&S Realty denies the allegations contained in paragraph 14.

15.    A&S Realty denies the allegations contained in paragraph 15.

16.    A&S Realty denies the allegations contained in paragraph 16.

17.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies them.

18.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies them.

19.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies them.

20.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies them.

21.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies them.

22.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies them.

23.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies them.

24.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies them.

25.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies them.

26.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies them.

27.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies them.

28.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies them.

29.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies them.

30.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies them.

31.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies them.

32.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies them.

33.     As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies them.

34.     A&S Realty admits in part and denies in part, the allegations in paragraph 34 of the amended complaint.  A&S Realty admits that it is in the business of renting apartments for property owners.  The remaining allegations in paragraph 34 are denied.

35.     A&S Realty denies the allegations contained in paragraph 35.

36.     A&S Realty denies the allegations contained in paragraph 36.

37.     A&S Realty denies the allegations contained in paragraph 37.

38.     A&S Realty denies the allegations contained in paragraph 38.

39.     A&S Realty denies the allegations contained in paragraph 39.

## COUNT I:
### (Violation of the Fair Housing Act: 42 U.S.C. § 3604(c))

40.    A&S Realty repeats and incorporates by reference each of the admissions, denials and statements contained in its answers to the preceding paragraphs as if fully restated herein.

41.    A&S Realty states that paragraph 41 contains an allegation of law and/or an allegation of opinion, not fact, and therefore no answer is required. To the extent that paragraph 30 contains any factual allegations, A&S Realty denies them.

42.    A&S Realty denies the allegations contained in paragraph 42.

43.    A&S Realty denies the allegations contained in paragraph 43.

## COUNT II:
### (Violation of the Fair Housing Act: 42 U.S.C. § 3605)

44.    A&S Realty repeats and incorporates by reference each of the admissions, denials and statements contained in its answers to the preceding paragraphs as if fully restated herein.

45.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies them.

46.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies them.

47.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies them.

## COUNT III:
### (Violation of the Fair Housing Act: 42 U.S.C. § 3604(a))

48.    A&S Realty repeats and incorporates by reference each of the admissions, denials and statements contained in its answers to the preceding paragraphs as if fully restated herein.

49.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and therefore denies them.

50.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and therefore denies them.

51.    As the allegations are directed at a defendant other than A&S Realty, it lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and therefore denies them.

**COUNT IV:**
**(Violation of Massachusetts Anti-Discrimination Law: M.G.L. c. 151B § 4(7B) and §4(10))**

52.    A&S Realty repeats and incorporates by reference each of the admissions, denials and statements contained in its answers to the preceding paragraphs as if fully restated herein.

53.    A&S Realty denies the allegations contained in paragraph 53.

54.    A&S Realty denies the allegations contained in paragraph 54.

55.    A&S Realty denies the allegations contained in paragraph 55.

56.    A&S Realty denies the allegations contained in paragraph 56.

**COUNT V:**
**(Violation of Massachusetts Consumer Protection Law: M.G.L. c. 93A**

57.    A&S Realty repeats and incorporates by reference each of the admissions, denials and statements contained in its answers to the preceding paragraphs as if fully restated herein.

58.    A&S Realty admits the allegations contained in paragraph 58.

59.    A&S Realty denies the allegations contained in paragraph 59.

60.    A&S Realty denies the allegations contained in paragraph 60.

61.    A&S Realty denies the allegations contained in paragraph 61.

62.    A&S Realty denies the allegations contained in paragraph 62.

63.    A&S Realty denies the allegations contained in paragraph 63.

64.    A&S Realty denies the allegations contained in paragraph 64.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

FHC's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

FHC does not have standing to bring its Complaint.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over FHC's Complaint.

### FOURTH AFFIRMATIVE DEFENSE

FHC failed to satisfy the statutory requirements necessary for FHC to file suit for

violation of M.G.L. c. 151B.

### FIFTH AFFIRMATIVE DEFENSE

FHC'S claim is barred because it failed to satisfy the statutory requirements necessary for

FHC to file suit for violation of M.G.L. c. 93A.

### SIXTH AFFIRMATIVE DEFENSE

FHC has suffered no legally cognizable damages and fails to meet the requirements under

Article III for access the the federal court system.

### SEVENTH AFFIRMATIVE DEFENSE

If it is determined that FHC sustained damages, which A&S Realty denies, said damages were the result of conduct of individuals or entities over whom A&S Realty had no control and for whose conduct A&S Realty was not and is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

If FHC has sustained damages, FHC contributed to, and/or failed to mitigate such damages, and any recovery should be barred or diminished due to such failure.

## NINTH AFFIRMATIVE DEFENSE

FHC's failed to satisfy the statutory requirements of 42. U.S.C. § 3604(c).

## TENTH AFFIRMATIVE DEFENSE

FHC has failed to exhaust its administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

FHC's action is barred because it failed to deliver a proper demand letter at least thirty (30) days before filing suit.

## TWELFTH AFFIRMATIVE DEFENSE

Any recovery must be reduced in proportion to FHC's own negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

A&S Realty incorporates herein by reference the affirmative defenses asserted by an other defendant who appears in this action as though each such defense was fully set forth herein.

WHEREFORE, the Defendant A&S Realty prays for judgments as follows:

      (a)     dismissing all of plaintiff's claim against A&S Realty;

      (b)     for its costs and attorney fees;

      (c)     for such other relief as the Court deems just.

**DEFENDANT A&S REALTY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted

A&S REALTY, INC.

/s/ Christopher Maffucci
Christopher Maffucci, Esq.  BBO#645972
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02110
(617) 426-5900

Dated:  March 31, 2005

### CERTIFICATE OF SERVICE

I, Christopher Maffucci, certify that I served a true and correct copy of this document was served upon the attorney of record for plaintiff by mail and electronic filing on this 31st day of March 2005.

/s/ Christopher Maffucci
Christopher Maffucci

4454.424/349003