UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAIR HOUSING CENTER OF<br>GREATER BOSTON, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON APARTMENT RENTALS,<br>A & S REALTY, APARTMENT DEPOT<br>and MARK ROOS REALTY,<br><br>Defendants. | Civil Action No. 04-10572 MLW |

**DEFENDANT APARTMENT DEPOT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED**

**Introduction**

In this case, Plaintiff Fair Housing Center of Greater Boston, Inc. ("FHC")

asserts counts for violation of the Fair Housing Act, M.G.L. c. 151B §§4(7B) and 4(10),

M.G.L. c. 93A and negligence against each of several defendants, including, without

limitation, Defendant Apartment Depot, apparently for allegedly discriminatory

advertising practices. Through this action, FHC seeks various forms of relief, including,

without limitation, compensatory and punitive damages, injunctive relief and declaratory

relief. As a matter of law, all of the counts of FHC's complaint against Defendant Depot

are barred where FHC lacks standing to bring the within action, the within action violates

Defendant Apartment Depot's right to protected commercial speech under the First

Amendment to the United States Constitution and Article 16 of the Massachusetts

Declaration of Rights, where there is no genuine case or controversy, where FHC has

failed to state any claim for negligence against Apartment Depot where there is no actionable duty, breach causation or harm, and where "Apartment Depot" does not exist as a legal entity.

### Facts

For purposes of a motion to dismiss, the Court must take all of the well-pleaded allegations set forth in the Complaint as true. *Carroll v. Xerox Corp.*, 294 F.3d 231, 241 (1st Cir., 2002). Keeping this requirement in mind, and without conceding any of the factual allegations made by FHC in its complaint, we review the relevant facts set forth in the complaint:

### 1.    FHC and Apartment Depot

According to the Complaint, FHC is a "private, non-profit, fair housing membership organization dedicated to promoting equal housing opportunities for all people in Boston and the Greater Boston area." (Complaint, ¶4). The organization consists of, among others, persons seeking rental housing through advertisements on various Internet websites, including, without limitation, www.bostonapartments.com/aptdepot. (Complaint, ¶4). The Complaint further alleges that FHC "devotes resources to ensure that all persons have an equal opportunity and access to housing." (Complaint, ¶5). FHC claims that the Defendants' actions have frustrated FHC's mission, and that FHC has diverted significant resources from its usual activities to counteract the alleged discriminatory practices. (Complaint, ¶6). FHC alleges that, upon information and belief, Apartment Depot is a Massachusetts corporation which "solicits, reviews, accepts and publishes rental advertisements on its website." (Complaint, ¶9).

**2.    Facts Relevant to the Motion to Dismiss**

According to the Complaint, Apartment Depot posts and publishes advertisements on the Website which "express preferences or limitations that discriminate against persons with rental subsidies and families with children." (Complaint, ¶18). The Complaint alleges that, in the summer of 2003, the Website revealed statements such as "apartment is not deleaded" and "professional building," both of which FHC deems discriminatory. (Complaint, ¶19). According to the Complaint, in the Winter of 2003-04, the Website included additional allegedly discriminatory statements, such as "security deposit is negotiable with good employment/landlord references," and "apartment is not deleaded." (Complaint, ¶20).

FHC claims that the allegedly discriminatory statements restrict housing choices for families with children and individuals with rental subsidies. (Complaint, ¶25). Additionally, the FHC claims that, "because a disproportionate number of persons with rental subsidies and families with children are people of color, these advertisements have had the effect of discriminating against people based on race, color and national origin." (Complaint, ¶25).

FHC further claims that, as a result of the discriminatory advertising, individuals seeking homes have suffered discriminatory treatment. (Complaint, ¶26). FHC claims that the advertisements has had certain adverse effects on readers thereof. (Complaint, ¶27). Moreover, FHC claims that Apartment Depot has interfered with FHC's efforts to bring about equality of housing opportunities and have denied and interfered with the rights of its members and constituents to obtain rental housing free from unlawful discrimination." (Complaint, ¶28).

## ARGUMENT

**1.    FHC's Counts Against Defendant Apartment Depot Should Be Dismissed With Prejudice Where FHC Lacks Standing to Bring the Within Action and, Further, Where FHC Has Suffered No Actionable Wrong.**

From a review of the Complaint in this matter, it is unclear whether FHC is bringing the within action for certain unidentified individuals with rental subsidies and families with children, or, alternatively, for alleged damages which it suffered.

**a.    The FHC Lacks Standing to Bring the Within Action on Behalf of Its Members Where (1) the Complaint Fails to Identify Members of the FHA as Having Been Harmed by the Allegedly Wrongful Conduct of the Defendant Apartment Depot, (2) the Members Would Not Otherwise Have Standing to Sue in Their Own Right, and (3) Given the Counts Asserted, the Participation of an Individual Member Who Claims Harm from the Allegedly Wrongful Conduct of the Defendant Apartment Depot is Required to Assert the Within Claims.**

In this case, there is a fundamental issue regarding whether FHC has standing to assert claims on behalf of its own members, and, if so, whether FHC has done so properly in this case.  A group has standing to sue on behalf of its members when:

1.  "its members would otherwise have standing to sue in their own right,"

2.  "the interests it seeks to protect are germane to the organization's purpose," and

3.  "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."

*Modified Motorcycle Association of Massachusetts, Inc. v. Commonwealth*, 60 Mass.App.Ct. 83, 85 n. 6, 799 N.E.2d 597, 599 n. 6 (2003), quoting *Hunt v. Washington State Apple Advertising Commn.*, 432 U.S.333, 343, 97 S.Ct. 2434, 2434 (1977).

In the first prong of the standing test, the Court must examine whether the members of FHC would have standing to sue in their own right. The Complaint in the within matter suffers from two deficiencies in this regard. Firstly, the Complaint does not allege that any member of FHC suffered harm as a result of the alleged conduct of Defendant Apartment Depot. Secondly, assuming *arguendo* that the Complaint is properly alleged on behalf of the members of FHC, those members suffered no actionable harm as a result of the conduct of FHC.

The Complaint merely refers to certain homeseekers, persons with rental subsidies and families with children in the metropolitan Boston area, without stating whether those individuals are members of the organization. The Complaint fails to identify a single member of FHC who has suffered any harm whatsoever from the conduct of Apartment Depot, nor does the Complaint relate the facts surrounding a single instance in which a member of FHC logged on to the Website and suffered discriminatory harm therefrom.

This is not a class action in which a group of plaintiffs are bringing an action on behalf of others who are similarly situated. FHC cannot simply cast a wide net claiming that any individual who is a homeseeker, a person with rental subsidy, or any families with children seeking homes in the metropolitan area constitute members of FHC. In *Modified Motorcycle*, the Massachusetts Appeals Court found that the Association has standing to bring an action on behalf of its members because, in that case, the Complaint alleged that "the regulation had caused divers[e] law enforcement officers to stop some members (who were not named individually as plaintiffs) for failure to comply with the first paragraph of the Massachusetts regulation [at issue in that case]." *Id.* Thus, in

*Modified Motorcycle,* unlike in the case at bar, the Complaint expressly alleged in some

members were directly harmed by the actions of the defendant. There is no showing here

that any of the homeseekers who allegedly suffered harm are or were members of FHC.

As a result, FHC has failed to state a claim against Apartment Depot upon which relief

may be granted.

Even if this Court were to find that FHC did properly bring a claim on behalf of

its members, the Complaint still fails to set forth any claims upon which relief may be

granted because the individual members lack standing to sue in their own right.

In *Johnson v. Martha's Vineyard Com'n,* 1996 WL 1185088 (Mass.

Super. 1996), the Court set forth a succinct description of standing:

> Standing is determined by applying a two-part analysis: first, determining
> whether the parties have met a threshold constitutional requirement of
> justiciability, and then, whether prudential limitations on the exercise of
> judicial power should be called upon. *Warth v. Seldin,* 422 U.S. 490, 95
> S.Ct. 2197, 45 L.Ed.2d 343 (1975); see *U.S. General Inc. v. City of Joliet,*
> 432 F.Supp. 346, 350 (1977), affirmed 598 F.2d 1050 (7th Cir.1979).
> The constitutional requirement embodies the three common standing
> elements required by the Supreme Court under Article III of the
> Constitution. *In re Malone,* 592 F.Supp. 1135, 1153 (E.D.Mo.1984), aff'd.
> without op., *Malone v. Fenton,* 794 F.2d 680 (8th Cir.Mo.1986); see *City
> of Joliet,* 432 F.Supp. at 350. First, plaintiff must show injury in fact--that
> he suffered some actual or threatened injury as a result of the putatively
> illegal conduct of the defendant. *Valley Forge Christian College v.
> Americans Unite for Separation of Church and State, Inc.,* 454 U.S. 464,
> 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Second, plaintiff must allege
> causation--that plaintiff's injury can fairly be traced to the defendant's
> challenged action. *Id.* Third, plaintiff must show redressability--that
> plaintiff's injury is likely to be redressed by a favorable decision. *Valley
> Forge,* 454 U.S. at 472; see *Allen v. Wright,* 468 U.S. 737, 753, 104 S.Ct.
> 3315, 82 L.Ed.2d 556 (1984).

In the case at bar, FHC faces difficulty in showing an injury in fact. As noted

above, the Complaint does not refer to a single situation in which any member of the

FHC has suffered actual harm as a result of the alleged conduct of Apartment Depot. Instead, the Complaint speaks in generalities. Thus, FHC cannot demonstrate any injury that may fairly be traced to Apartment Depot. In the absence of any harm, FHC lacks standing to bring the within action and, also, fails to state a claim upon which relief may be granted.

### b. The FHC Lacks Standing Because It Cannot Claim Any Damage to Itself as a Result of the Alleged Conduct of Apartment Depot.

While the Complaint is unclear on its face, FHC may claim that it is bringing the within action to recover damages which it suffered as a result of the alleged wrongful conduct. Using a similar standing analysis as set forth above, the FHC runs into the same problem of the absence of an injury in fact. On its face, the Complaint does not refer to any instance in which the FHC, as an organization, suffered harm as a result of the alleged wrongful conduct of Apartment Depot. By analogy, a store manager may knowingly leave a banana peel just inside the entrance to her store, but if no one trips on it, there is no liability. The same holds true here. Even if the conduct of Apartment Deport was actionable, which it is not, without any allegation of wrongful conduct, there can be no harm. The Complaint therefore fails to state a claim upon which relief may be granted.

### 2. In the Absence of a Genuine Issue or Controversy, The Complaint Fails to State Claims Upon Which Relief May Be Granted and Dismissal of All Counts Against Apartment Depot is Warranted.

This second argument overlaps with the first argument, but is set forth separately in order to emphasize the lack of a case or controversy in this case.

Article III, Section 2 of the Constitution limits the "judicial power" to the resolution of "cases" and "controversies." *McConnell v. Federal Election Commission,*

___ U.S. ___, ___, 124 S.Ct. 619, 707 (2003).   A case or controversy requires an injury in fact which is concrete and actual. *Id.; In re Eaton Vance Corp. Securities,* 219 F.R.D. 38 (D.Mass. 2003)(No standing to assert claims based upon misrepresentations with regard to funds in which plaintiffs did not invest); *Pagan v. Dubois*, 894 F.Supp. 45 (D.Mass. 1995)(Latino prisoners could not bring claim for violation of constitutional rights of prisoners in absence of allegation that plaintiff prisoners had suffered harm). "A mere interest in an event--no matter how passionate or sincere the interest and no matter how charged with public import the event--will not substitute for an actual injury." *U.S. v. AVX Corp.*, 962 F.2d 108 (1st Cir. 1992).

In the case at bar, the claims brought by FHC are, at best, speculation, without any reference to any instance in which concrete damages have been suffered.  Nowhere does the Complaint refer to a single instance in which an individual or family has been unable to rent an apartment as a result of the innocuous phrases at issue here.  In fact, upon closer review, the only parties who are being damaged by this action are the Defendants, as FHC is infringing upon their protected commercial speech, and, also, is chilling its exercise of free speech.  See *Parow v. Kinnon*, 300 F.Supp.2d 256 (D.Mass. 2004), see also *Mangual v. Rotger-Sabat*, 317 F.3d 45, 57 (1st Cir. 2003)(reporter successfully challenged criminal libel statute on First Amendment grounds).   Unless and until an appropriate party brings a claim alleging actual harm from the allegedly discriminatory phrases at issue in this case, FHC is merely seeking an advisory opinion. *New Jersey v. Sargent*, 269 U.S. 328 (1926)( Plaintiff may not seek an advisory opinion in a controversy which has not yet arisen).

3.     **Counts I through III of the Complaint Must Be Dismissed Where Their Application Here Constitutes an Unconstitutional Infringement of Defendant Apartment Depots' Protected Commercial Speech Under the First Amendment to the United States Constitution and Article 16 of the Massachusetts Declaration of Rights, and, As Applied, the Statutes at Issue are Void for Vagueness.**

In Counts I through III of the Complaint, FHC asserts claims for violations of the

Fair Housing Act, M.G.L. c. 151B and M.G.L. c. 93A. In the Complaint, FHC lists the

following allegedly discriminatory statements it claims were made by Apartment Depot

on the website:

     a.  "apartment is not deleaded"

     b.  "professional building"

     c.  "security deposit is negotiable with good employment/landlord references.

     d.  "only first month required ( dependant [sic] on credit) security"

     e.  "no security deposit required with good credit and stable employment"

     f.  "this is a professional building," and

     g.  "professional inquiries only."

Since 1976, the United States Supreme Court has carefully protected commercial

speech under the First Amendment to the United States Constitution. *Virginia Bd. of*

*Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 96 S.Ct. 1817, 48

L.Ed.2d 346 (1976); *Bates v. State Bar of Arizona*, 433 U.S. 350, 379 (1977)(Attorneys

have First Amendment right to advertise services to prospective clients). In that case, the

Court found that the free flow of commercial information is "indispensable to the proper

allocation of resources in a free enterprise system" as it informs the numerous private

decisions that drive the system. *Rubin v. Coors Brewing Co.*, 514 U.S. 476, 115 S.Ct.

1585 (1995)(Ban on alcohol content on beer labels violates First Amendment), *Virginia*,

425 U.S. at 765, 96 S.Ct., at 1827.

> For commercial speech to come within [the First Amendment], it at least
> must concern lawful activity and not be misleading. Next, we ask whether
> the asserted governmental interest is substantial. If both inquiries yield
> positive answers, we must determine whether the regulation directly
> advances the governmental interest asserted, and whether it is not more
> extensive than is necessary to serve that interest.

*Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 557,

566, 100 S.Ct. 2343, 2351 (1980)(Restrictions on advertising constituted

infringement on free speech).

As to the Fair Housing Act, there is nothing in those statements which "indicate[]

any preference, limitation, or discrimination based on race, color, religion, sex, handicap,

familial status, or national origin...." The Act makes no mention of any prohibition

against discrimination merely on the basis of receiving rental subsidies. As a result, any

claims based upon the receipt of rental subsidies should be dismissed. We shall assume,

for purposes of the within memorandum, without conceding, that a claim may be based

upon the receipt of rental subsidies.

The First Circuit has yet to address the issue of the requirements of §3604(c).

*Langlois v. Abington Housing Authority*, 234 F.Supp.2d 33, 78-79 (D.Mass.

2002)(Advertisements notifying applicants of residency preference for Section 8 housing

did not communicate race-based preference in violation of §3604(c)). Other courts,

however, look at whether "an ad for housing suggests to an ordinary reader that a

particular race is preferred or dispreferred for the housing in question." *Id.* quoting *Ragin*

*v. New York Times Co.*, 923 F.2d 995, 999 (2nd Cir. 1991)(Portion of Fair Housing Act

which prohibited indicating racial preference in housing advertisements did not violate

First Amendment as such language was not protected commercial speech).

There can be no question that our various governments have an interest in, and

should and must take steps to thwart wrongful discrimination, but this case, which

includes neutral language which is not discriminatory, does not present even a remote

circumstance of discrimination.   The statements attributed to Apartment Depot, such as

"this is a professional building" and "apartment is not deleaded"  are mere assertions of

fact.  On their face, there is nothing whatsoever about the statements attributed to

Apartment Depot listed in the Complaint which are racially discriminatory in any respect.

Moreover, the phrases do not constitute evidence of discrimination against the persons

with rental subsidies or families with children.  Lastly, an advertisement notifying

persons of the absence of deleading communicates important health disclosures to the

prospective renter.  A "professional" is a "person who does something with great skill."

*Webster's New World Dictionary*, Second College Edition (1970).  That term, therefore,

encompasses a wide variety of types of employment.  In fact, the term would include

professionals who are currently unemployed or retired.  Nothing in that term violates

against any prospective renters on the basis of race.  The remaining phrases which FHC

alleges are discriminatory concern security deposits and credit.  The mere fact that an

organization seeks a security deposit or a credit check does not constitute discrimination

on the basis of race, receipt of rental subsidies or family status.  In short, an ordinary

reader would not find that the phrases are racially discriminatory.  Even if the phrases do

express a preference, which they do not, the preference does not violate the Fair Housing

Act.

To apply the Fair Housing Act to the case at bar is to exceed greatly the purpose of the Act, which is to eliminate discrimination housing on the basis of race, creed and other factors. FHC seeks to have this Court apply the Fair Housing Act in such a way as to constitute an unconstitutional infringement on Apartment Depot's right of protected commercial speech under the First Amendment. In fact, since the analysis under Article 16 is the same as that for the First Amendment, *Opinion of the Justices*, 430 Mass. 1205, 1209 n. 3, 723 N.E.2d 1 (2000), citing *Walker v. Georgetown Hous. Auth.*, 424 Mass. 671, 674, 677 N.E.2d 1125 (1997), and *Colo v. Treasurer & Receiver Gen.*, 378 Mass. 550, 558, 392 N.E.2d 1195 (1979), the FHC seeks to use the Fair Housing Act in manner which violates Apartment Depot's rights under Article 16 of the Massachusetts Declaration of Rights , as amended by art. 77 of the Amendments to the Massachusetts Constitution ("The right of free speech shall not be abridged"), as well. FHC cannot use the Fair Housing Act as a sword with which to strike down any preferential language whatsoever, unless that language violates the statute.

In *Commonwealth v. Freiberg, 405 Mass. 282, 288-289, 540 N.E.2d 1289, 1294-1295 (1989)*, the Supreme Judicial Court said:

> " a law is void for vagueness if persons 'of common intelligence must necessarily guess at its meaning and differ as to its application.' *Smith v. Goguen, 415 U.S. 566, 572 n.8 [94 S.Ct. 1242, 1247 n.8, 39 L.Ed.2d 605 [1974], quoting Connally v. General Constr. Co., 269 385, 391 [46 S.Ct. 126, 127, 70 L.Ed.2d 322 (1926).* Vague laws violate due process because individuals do not receive fair notice of the conduct proscribed by a statute, *Papachristou v. Jacksonville, 405 U.S. 156, 162 [92 S.Ct. 839, 31 L.Ed.2d 110] (1972)* and because vague laws do not limit the possibility of arbitrary and discriminatory enforcement, *Grayned v. Rockford, 408 U.S. 104, 108-109 & n.4 [92 S.Ct. 2294, 2298-2299 & n.4, 33 L.Ed.2d 222] (1972)."*

*Caswell v. Licensing Comm'n for Brockton*, 387 Mass. 864, 873, 444 N.E.2d 922 (1983).
See also, *Commonwealth v. Casey*, 42 Mass.App.Ct. 512, 514, 678 N.E.2d 436, 438
(1997).

Vagueness challenges to statutes that involve First Amendment freedoms must be
examined under strict scrutiny revealing narrow, objective and definite standards or they
are void for vagueness. *City of Fitchburg v. 707 Maine Corp.*, 369 Mass. 748, 752, 343
N.E.2d 149 (1976). Art. 16 of the Massachusetts Declaration of Rights guarantees that
the right to free speech shall not be abridged and has been interpreted to provide greater
protection for freedom of expression than the First Amendment. *Manor v. Rakiey*, 2
Mass.L.Rptr. 506, (1994) WL 879790, *5 (Mass. Super.) . Any regulation which
regulates speech requires the strictest of our scrutiny because the line between speech
unconditionally guaranteed and speech which may legitimately be regulated, suppressed,
or punished is finely drawn. *Commonwealth v. A Juvenile*, 368 Mass. 580, 584 (1975)
quoting Speiser v. Randall, 357 U.S. 513, 525 (1958). To apply the Fair Housing Act in
this instance is to render the statute in its entirety void for vagueness, as it affords no
clear meaning of its provisions. An individual who reads the Fair Housing Act does not
have fair notice that advertising which includes the language which is the subject of the
within action is violative of the act. As such, as applied here, the statute is void for
vagueness. Moreover, the language contained in the advertisements constitute protected
commercial speech, and FHC has failed to state a claim under the Fair Housing Act upon
which relief may be granted.

The same basic argument applies to whether FHC has stated claims upon which
relief may be granted under M.G.L. c. 151B and M.G.L. 93A. The phrases at issue are

not discriminatory for the reasons set forth above.  Additionally, while the government

has an interest in preventing discrimination under c. 151B, and an interest in preventing

unfair and deceptive business practices under c. 93A, the application of those statutes

under the circumstances here violates Apartment Depot's commercial speech rights under

the First Amendment and Art. 16 of the Massachusetts Declaration of Rights.

### 4.   FHC's Complaint Fails to State a *Prima Facie* Claim for Negligence Where FHC Has Failed to Allege the Elements of a Negligence Claim.

In Count IV of the Complaint, FHC alleges that Apartment Depot and the other

Defendants, in essence, failed to train their employees regarding the fair housing laws,

failed to hire persons familiar with the fair housing laws, failed to supervise their

employees regarding complying with the fair housing laws and failed to operate a rental

housing listing business in conformity with accepted industry custom and standards.

(Complaint, ¶ 47).

It is axiomatic that a negligence claim must satisfy the elements of duty, breach,

causation and harm.  See *Framingham Telephone Answering Service, Inc. v. AT&T,* 1994

WL 902948, at *4 (Mass. Super. 1994).   The Complaint speaks in terms of a duty to

operate rental housing websites in a manner free from unlawful discriminatory statements

and to employ individuals who fulfill that duty. (Complaint, ¶47).   While not specified

in the Complaint, it appears that FHC is claiming either that Apartment Depot owes this

duty to FHC or to every individual.   The Complaint states that FHC was harmed by the

negligence of Apartment Depot. (Complaint, ¶48).   There can be no negligence in the

absence of a legal duty. *Karlowski v. Kissock,* 275 Mass. 180, 183, 175 N.E. 500, 501

(1931); *Coughlin v. Titus & Bean Graphics, Inc.,* 54 Mass.App.Ct. 633, 638, 767 N.E.2d

106, 111 (2002) rev. denied 437 Mass. 1105, 772 N.E.2d 590 (2002) (Company not liable to family of victim attacked by employee outside of work hours). In determining whether such a duty exists, which is a question of law, the Court examines social values and customs and appropriate social policy. *Schofield v. Merrill*, 386 Mass. 244, 246-254, 435 N.E.2d 339, 341-345 (1982). There is clearly no special relationship giving rise to a duty here. See *Coughlin*, 54 Mass.App.Ct. at 638, 767 N.E.2d 106.

In the case at bar, the FHC is simply asserting the claims set forth in Counts I, II and III in a different form. Where the statutes cover those claims, there is no reason for this Court to recognize any common law negligence claim which covers essentially the same ground. Moreover, Apartment Depot has found no case in which the First Circuit or the Commonwealth have found a duty on the part of a rental agency to either a housing organization or to individuals to prevent discrimination – separate and apart from the obligations of M.G.L. 151B and other similar statutes. In the absence of a duty, there can be no negligence claim.

Even if this Court were to find a duty running from Apartment Depot to either FHC or certain individuals, the FHC cannot demonstrate any breach of that duty. As noted above, the statements attributed to Apartment Depot do not constitute discrimination, and, therefore, there can be no breach. Since there has been no discriminatory act, it does not matter whether or not employees have been trained in preventing discriminatory practices (for purposes of this lawsuit), because the failure to train employees in this matter would not give rise to actionable harm.

FHC's complaint also falls short on the notion of proximate cause. The question is whether the injury would have occurred but for the negligence of Apartment Depot.

*Restatement 2d, Torts*, §432(1). In this case, FHC has failed to articulate any harm to any individual or to FHC arising out of the allegedly wrongful conduct. There is no showing that the allegedly wrongful conduct of Apartment depot is so closely aligned with the alleged harm that liability should attach. See *Mass.Practice,* Vol.. 14C §20.231 (1996).

As a result, where FHC has failed to present a prima facie case of negligence, Count IV of the Complaint should be dismissed.

### 5. All Counts Against Apartment Depot Should Be Dismissed Where "Apartment Depot" is Not Incorporated and Does Not Exist as a Legal Entity.

The Complaint lists "Apartment Depot" as a Defendant. Apartment Depot is not a corporate entity in the Commonwealth of Massachusetts, but rather exists as an individual doing business under that name. As a result, Apartment Depot respectfully requests that this Court dismiss all Counts against Apartment Depot.

**WHEREFORE**, for the above reasons, the Defendant Apartment Depot respectfully requests that this Court GRANT the within motion and DISMISS all counts against Defendant Apartment Depot with prejudice.

The Defendant
Apartment Depot
By Its Attorneys,

James B. Krasnoo  BBO#279300
Paul J. Klehm  BBO# 561605
Law Offices of James B. Krasnoo
23 Main Street
Andover, MA  01810
 (978) 475-9955

16

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record or each party of record not represented by an attorney by first class mail, postage prepaid, on May _13_, 2004.

Paul J. Klehm