UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAIR HOUSING CENTER OF <br> GREATER BOSTON, INC., <br> <br> Plaintiff, <br> <br> v. <br> <br> BOSTON APARTMENT RENTALS, <br> A & S REALTY, APARTMENT DEPOT <br> and MARK ROOS REALTY, <br> <br> Defendants. | Civil Action No. 04-10572 MLW |

**DEFENDANT APARTMENT DEPOT'S MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF MAY BE GRANTED, OR, IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT AS TO
COUNTS I THROUGH III OF AMENDED COMPLAINT AND AS TO THE
IDENTITIES OF PERSONS WHO CLAIM TO BE DISCRIMINATED AGAINST
BY APARTMENT DEPOT**

**Introduction**

In its Amended Complaint, Plaintiff Fair Housing Center of Greater Boston, Inc. ("FHC") asserts counts for violation of the Fair Housing Act, M.G.L. c. 151B §§4(7B) and 4(10), and M.G.L. c. 93A against Defendant Apartment Depot, apparently for allegedly discriminatory advertising practices involving one or more websites. FHC seeks various forms of relief, including, without limitation, compensatory and punitive damages, injunctive relief and declaratory relief. Apartment Depot hereby renews, and incorporates herein, its motion to dismiss filed in response to Plaintiffs' original Complaint on May 14, 2004 (hereinafter, the "First Motion to Dismiss"), as the Court has

yet to reach the issues raised in that motion[1].  The purpose of the within memorandum is to argue, in addition to the other issues raised in the initial motion to dismiss, that where the phrases attributed to Defendant Apartment Depot are not fairly susceptible of a discriminatory meaning to an ordinary reader and/or to a reasonable person, Fair Housing Center has failed to state a claim upon which relief may be granted and a dismissal of FHC's claims against Defendant Apartment Depot is warranted.  Additionally, for the Fair Housing Act to seek use of this Court to limit Apartment Depot in disseminating advertising which includes the phrases at issue here constitutes an unconstitutional abridgement of contract pursuant to the 14th Amendment to the United States Constitution, as it prevents Apartment Depot from honoring its contracts with landlords who seek its assistance in renting apartments.

In the alternative, to the extent that this Court denies the motion to dismiss, Defendant Apartment Depot respectfully requests that this Court order FHC to provide a more definite statement of its claims set forth in Counts I through III of the Amended

---

[1] At the hearing held on December 9, 2004, the Court (Wolf, J.) granted the motions to dismiss based upon the Communications Decency Act raised by then Defendant Boston Apartment Rentals, and incorporated by reference by Defendant Apartment Depot.  While counsel to Defendant Apartment Depot presented an oral argument on at least some of the issues set forth in Apartment Depot's motion to dismiss the original Complaint, the Court did not rule on those issues.  Counsel notes that, despite the passage of approximately ten months since Defendant Apartment Depot filed its initial motion to dismiss, FHC has failed to seek to amend its complaint to bring this action against the appropriate defendant. Defendant Apartment Depot respectfully requests that this Court dismiss the claims against Apartment Depot where FHC has failed to make a timely amendment of its pleadings to reflect the appropriate name of Apartment Depot.

Complaint (under the Fair Housing Act), identifying which phrases at issue correspond to which Counts.

## Facts

For purposes of a motion to dismiss, the Court must take all of the well-pleaded allegations set forth in the Complaint as true. *Carroll v. Xerox Corp.*, 294 F.3d 231, 241 (1st Cir., 2002). Keeping this requirement in mind, and without conceding any of the factual allegations made by FHC in its complaint, we review the relevant facts set forth in the complaint:

### 1.     FHC and Apartment Depot

According to the Complaint, FHC is a "private, non-profit, fair housing membership organization dedicated to promoting equal housing opportunities for all people in Boston and the Greater Boston area." (Amended Complaint, ¶4). The organization consists of, among others, persons seeking rental housing through advertisements on various Internet websites, including, without limitation, internet websites run by Apartment Depot (Amended Complaint, ¶4). The Complaint further alleges that FHC "devotes resources to ensure that all persons have an equal opportunity and access to housing." (Amended Complaint, ¶5). FHC claims that the Defendants' actions have frustrated FHC's mission, and that FHC has diverted significant resources from its usual activities to counteract the alleged discriminatory practices. (Amended Complaint, ¶6).

FHC alleges that, upon information and belief, Apartment Depot is a Massachusetts entity which, in essence, creates or is responsible for creating rental

advertisements on websites over which it has control (hereinafter, the "Website"). (Amended Complaint, ¶8).

### 2. Facts Relevant to the Motion to Dismiss

According to the Amended Complaint, Apartment Depot "represents to property owners who wish to list their properties with Apartment Depot that Apartment Depot will draft the content of the … advertisements… and then post the … advertisements" on certain websites. (Amended Complaint, ¶18). Apartment Depot receives a fee for its services. (Amended Complaint, ¶19). The Amended Complaint alleges that, in the summer of 2003, the Website revealed statements such as "apartment is not deleaded" and "professional building," both of which FHC deems discriminatory. (Amended Complaint, ¶23). According to the Amended Complaint, in the Winter of 2003-04, the Website included additional allegedly discriminatory statements, including, without limitation, "security deposit is negotiable with good employment/landlord references," "apartment is not deleaded," "only first month required (dependant [sic] on credit) security," "no security deposit required with good credit and stable employment," "this is a professional building," and "professional inquiries only." (Amended Complaint, ¶24). In April, 2004, the Website included the phrase, "No Security Deposit required with good credit and stable employment." (Amended Complaint, ¶25).

FHC claims that the allegedly discriminatory statements restrict housing choices for families with children and individuals with rental subsidies. (Amended Complaint, ¶36). Additionally, the FHC claims that, "because a disproportionate number of persons with rental subsidies and families with children are people of color, these advertisements

4

have had the effect of discriminating against people based on race, color and national origin." (Amended Complaint, ¶36).

FHC further claims that, as a result of the discriminatory advertising, individuals seeking homes have suffered discriminatory treatment. (Amended Complaint, ¶¶36, 37). FHC claims that Apartment Depot has interfered with FHC's "efforts to bring about equality of housing opportunities and have denied and interfered with the rights of its members and constituents to obtain rental housing free from unlawful discrimination." (Amended Complaint, ¶39).

## ARGUMENT

**1.    Where the Phrases Upon Which FHC Bases Its Claims Are Not Fairly Susceptible of a Discriminatory Meaning and Where No Ordinary Reader or Reasonable Person Would Find Such Phrases Discriminatory, FHC Has Failed to State Claims Upon Which Relief May be Granted.  To the Extent the Motion to Dismiss is Denied, Defendant Apartment Depot Respectfully Requests that This Court Order FHC to Provide a More Definite Statement of Its Claims Against Defendant Apartment Depot, Identifying Which Phrases Correspond to Counts I, II and III of the Amended Complaint.**

In the case at bar, FHC alleges, in essence, that Apartment Depot posted, or caused to be posted, certain phrases on the Website which are discriminatory under M.G.L. c. 151B, M.G.L. c. 93A, and various provisions of the Fair Housing Act[2]. In fact, FHC asserts separate claims against Apartment Depot under §§3604(c), 3605, and 3604(a) of the Fair Housing Act, but FHC does not identify in its Amended Complaint which statements correspond to which provisions of the Act. In the First Motion to Dismiss, Apartment Depot argued that the application of the above-referenced statutes to the phrases at issue constitutes an unconstitutional infringement upon Apartment Depot's

---

[2] While the argument in this memorandum directly address the Fair Housing Act, the arguments also apply to the claims brought under M.G.L. c. 93A and M.G.L. 151B.

protected commercial speech under the First Amendment to the United States Constitution and Article 16 of the Massachusetts Declaration of Rights. (See memorandum in support of initial motion to dismiss, at pp. 9-14). Apartment Depot also argued that, as applied, the statutes were void for vagueness. See *id*.

The fact that Plaintiff's claim must be liberally construed when examining a Rule 12(b)(6) motion does not "relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions." *Housing Opportunities Made Equal v. Cincinnati Enquirer, Inc.,* 731 F.Supp. 800, 802 (S.D. Ohio, 1990). In the case at bar, Plaintiff simply sets forth a list of phrases and unilaterally declares them to be discriminatory.

Obviously, if Plaintiff were to allege that an advertisement which solely included the language "eat-in-kitchen" was discriminatory under the Fair Housing Act, this Court would presumably have no difficulty dismissing the Amended Complaint in this matter, as there would be no way that that phrase could be construed as discriminatory under the statute. That example, while simplistic, highlights the fact that there is a certain threshold which FHC must meet in order to state a claim under the Fair Housing Act. In other words, the Court must examine the statements which Plaintiff alleges to be discriminatory in order to make a preliminary finding that Plaintiff's Amended Complaint states a claim, especially where a defendant claims that the statements constitute protected speech.

The case at bar may be analogized to the situation where a party brings a common law libel claim. See *Cochran v. NYP Holdings, Inc.*, 210 F.3d 1036, 1037 (9th Cir. 2000) (Attorney sued newspaper for libel; case dismissed where written comment that attorney

would do almost anything to win protected by First Amendment).  A motion to dismiss is the appropriate vehicle for determining whether the statement at issue in a libel claim is not actionable under the First Amendment.  See *Knieval v. ESPN, Inc.*, 393 F.3d 1068, 1073, 1074 (9th Cir. 2005)(case dismissed where reasonable person would not believe that photo caption accusing Evel Knieval of being a pimp was meant in the criminal sense).  While the existence of defamatory meaning is usually a fact question for the jury, a court may properly examine whether a statement is susceptible of a defamatory meaning at the motion to dismiss stage.  See *Knieval*, 393 F.3d at 1074.  In order to defeat a motion to dismiss in a libel case, "plaintiff must show that the statement is reasonably capable of sustaining a defamatory meaning, and is not a comment within the ambit of the First Amendment."  *Cochran v. NYP Holdings, Inc.*, 58 F.Supp.2d 1113, 1121 (C.D.Cal. 1998);  *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 110 S.Ct. 2695 (1990).  "Words may be libelous unless they cannot reasonably be understood in a defamatory sense …"  *Albright v. Morton*, 321 F.Supp.2d 130, 135 (D. Mass. 2004)(Book which allegedly portrayed Plaintiff as a homosexual as result of mis-captioning of a photograph, held, not actionable on defamation claim).   The determination of whether or not the communication is defamatory is a question of law. See *id*.   The Court must interpret the language from the "standpoint of the average reader, judging the statement not in isolation, but within the context in which it is made." *Knieval*, 393 F.3d at 1074, quoting *Norse v. Henry Holt & Co.*, 991 F.2d 563, 567 (9th Cir. 1993)(citation omitted).  Thus, in a defamation claim, a Court reviewing a motion to dismiss must make a threshold finding as to whether the phrase is defamatory.

While Apartment Depot has found no similar threshold test for assessing Fair Housing Act claims, there is caselaw which, in essence, creates such a preliminary test. Several Circuit Courts follow the rule that the Fair Housing Act is violated if an advertisement suggests to an "ordinary reader" that a particular [protected group] is preferred or dispreferred for the housing in question." *Jancick v. Department of Housing*, 44 F.3d 553, 556 (7th Cir., 1995), *Ragin v. New York Times Co.*, 923 F.2d 995, 999 (2d Cir.) *cert. denied* 502 U.S. 821, 112 S.Ct. 81 (1991); *United States v. Hunter*, 459 F.2d 205, 215 (4th Cir.) *cert. denied*, 409 U.S. 934, 93 S.Ct. 235 (1972), *Housing Opportunities Made Equal, Inc. v. Cincinnati Enquirer, Inc.*, 943 F.2d 644, 646 (6th Cir. 1991). While the First Circuit has yet to speak on the issue, in *Langlois v. Abington Housing Authority*, 234 F.Supp.2d 33, 78-79 (D.Mass. 2002), Judge Gertner recited (and appeared to apply) the "ordinary reader" test in the context of a summary judgment motion. In the same way in which courts apply the reasonable person test to determine whether a defamation claim may survive a motion to dismiss, this Court should apply the "ordinary reader" test to the phrases included in FHC's complaint at the motion to dismiss stage. Stated differently, the Court should examine whether, as a matter of law, the statement is reasonably capable of sustaining a discriminatory meaning, and is not instead commercial speech protected by the First Amendment. Using this analysis, we review the phrases attributed to Apartment Depot in the Amended Complaint.

    **a. "apartment is not deleaded."**

The phrase "apartment is not deleaded" is an assertion of fact. The phrase informs and warns the ordinary reader of a potentially dangerous circumstance, especially for children. It is somewhat surprising that FHC would take the position that such an

informative phrase would somehow be discriminatory. The owner of a dwelling containing lead already has an obligation to abate or to contain all lead paint when a child under six years of age lives in the residence. M.G.L. c. 111 §197(a). In fact, the landlord is required to notify tenants and prospective tenants about the presence of lead under penalty of fines and damages. M.G.L. c. 111 §197(d). FHC, therefore, is inexplicably claiming that information required by statute to be provided by a landlord to a prospective tenant constitutes discrimination. Under the "ordinary reader" test, though, the phrase simply conveys information. To the extent that FHC's Amended Complaint claims that the phrase "apartment is not deleaded" is discriminatory, Defendant Apartment Depot respectfully requests that this Court grant its motion to dismiss.

      **b.**     **"professional building,"**
                 **"this is a professional building" and**
                 **"professional inquiries only"**

On their face, there is nothing whatsoever which suggests that the phrases are discriminatory to members of any race, to persons with rental subsidies or families with children. As noted in the initial motion to dismiss, the term "professional" means a "person who does something with great skill." *Webster's New World Dictionary*, Second College Edition (1970). The term, therefore, encompasses a wide variety of employment fields, and is not limited to "white collar" jobs. In fact, the term would include professionals who are currently unemployed or retired. Nothing in the phrases discriminates against any prospective renters on the basis of race, receipt of rental subsidies or familial status, and the statements are not reasonably capable of sustaining a discriminatory meaning. An ordinary reader would recognize that the term "professionals" does not exclude anyone on those bases. "Professionals" are from all

racial backgrounds, and many of them have families. Some of them, while not working, may be receiving rental subsidies yet remain professionals. Instead, these phrases fall within the ambit of the First Amendment, and are protected free speech, as argued in the First Motion to Dismiss. (See pp. 12, 13).

At this point, it is appropriate to note that Apartment Depot has the distinction of being the only entity against which FHC asserted claims under three sections of the Fair Housing Act. In the original Complaint, FHC only brought one claim under the Fair Housing Act (Section 3604(c)). In the Amended Complaint, FHC has asserted claims against Apartment Depot under three sections of the act. Defendant's counsel is unable, thus far, to discern a real difference between Counts I and II as applied here. In Count III, however, FHC cites to 42 U.S.C. §3604(a), which makes it unlawful, in part, to refuse to negotiate for the rental of a dwelling to anyone because of race, color, religion, sex, familial status, or national origin. Defendant Apartment Depot assumes that FHC brings this claim based upon the fact that one of the phrases includes the term "only." Nonetheless, as to Counts I, II and III, Apartment Depot does not know which phrases correspond to which counts. In order to reduce the confusion, Defendant Apartment Depot respectfully requests that this Court order FHC to provide a more definite statement of Counts I through III, identifying which phrases correspond to which counts of the Amended Complaint.

Even so, to the extent that Count III is based upon the phrase "professional inquiries only," the mere fact that a phrase includes the term "only" does not conclusively mean that the landlord has "refused' to rent to anyone. FHC makes an unfair leap from the phrase to a purported refusal – a circumstance made even more difficult to assess

since FHC has not alleged a single instance in which anyone was refused housing on the basis of any of the phrases.  As a result, Defendant Apartment Depot respectfully requests that this Court dismiss Count III of the Amended Complaint for failing to state a claim.

**b. "security deposit is negotiable with good employment/landlord references," "only first month required (dependant [*sic*] on credit) security," "no security deposit required with good credit and stable employment,"**

The Court must apply the same "ordinary reader" or "reasonable person" test to these phrases in order to determine whether the phrases are reasonably capable of sustaining a discriminatory meaning, and do not fall within the ambit of the First Amendment.  The mere fact that an organization seeks a security deposit or a credit check does not constitute discrimination on the basis of race, receipt of rental subsidies or family status.  The phrases merely constitute protected commercial speech. No ordinary reader or reasonable person would see it otherwise.

**2.     THE APPLICATION OF THE FAIR HOUSING ACT TO THE PHRASES AT ISSUE HERE CONSTITUTE AN UNCONSTITUTIONAL ABRIDGEMENT OF CONTRACT WHERE THE APPLICATION OF THE FAIR HOUSING ACT TO DEFENDANT APARTMENT DEPOT FOR USING THE PHRASES AT ISSUE HERE CAUSES APARTMENT DEPOT NOT TO BE ABLE TO HONOR ITS CONTRACTS WITH LANDLORDS WHO USE ITS SERVICES TO RENT THEIR APARTMENTS.**

Defendant Apartment Depot advertises various apartments for rent on behalf of various landlords, who contract with Apartment Depot.  It is some of the phrasing used in those advertisements which FHC claims violate the Fair Housing Act.   The United States Constitution recognizes a freedom of contract under which parties are free from unwarranted infringement upon their liberty to enter into contracts.  See U.S. Const. Amend. 14.  "Undoubtedly there is a certain freedom of contract which cannot be

destroyed by legislative enactment." *Grenada Lumber Co. v. State of Mississippi*, 217 U.S. 433, 441, 30 S.Ct. 535, 539 (1910) quoting *Smiley v. Kansas*, 196 U. S. 447, 457, 25 S.Ct. 289, 291 (1905).  There is no absolute freedom on contract, and contracts are subject to some restraints, but the restraints must not be "arbitrary or unreasonable…. The legislative authority to abridge can be justified only by exceptional circumstances." *Charles Wolff Packing Co. v. Court of Industrial Relations*, 267 U.S. 552, 566, 45 S.Ct. 441, 444 (1925)(Act requiring employers to pay fixed wages in the event of a controversy with employees held violation of freedom to contract under 14th Amendment).  In the case at bar, to the extent that this Court finds that the innocuous phrases alleged here fall within the ambit of any of the three sections of the Fair Housing Act at issue, the Court is, in effect, abridging in an arbitrary and unreasonable manner the right of Apartment Depot to contract with landlords.  Especially as to the phrase regarding the non-deleaded apartment, for this Court to find that the phrase is discriminatory is to tell all real estate brokers that they cannot make certain factual assertions in their advertising, warning all recipients of potential danger in the use of its "product," *i.e.,* an apartment.  More disturbing is the fact that brokers will have no fair notice as to what phrasing is acceptable under the Fair Housing Act.  In short, FHC is seeking to carry the Fair Housing Act too far – to a point where the enforcement of the act would infringe upon Apartment Depot's freedom of contract.

> **3.     WHERE THE AMENDED COMPLAINT FAILS TO IDENTIFY ANY ACTUAL INDIVIDUALS WHO COMPLAINED TO THE FHC REGARDING APARTMENT DEPOT'S ADVERTISING AND/OR WHO BELIEVE THAT THEY WERE VICTIMS OF DISCRIMINATION AS A RESULT OF APARTMENT DEPOT'S ADVERTISING, APARTMENT DEPOT IS ENTITLED TO A MORE DEFINITE STATEMENT.**

In the Amended Complaint, FHC sets forth facts which relate to its review of the Website. The Complaint makes no mention of any particular individuals who claim to have suffered discrimination as a result of the advertisements or who believe that they were so discriminated. In the absence of any named individual who claims to have been discriminated against, the within litigation is purely speculative and hypothetical. See *Paris v. Department of Housing and Urban Development*, 843 F.2d 561, 573 (1st Cir. 1988)(Appeals Court disallowed injunction under Fair Housing Act where conflict was hypothetical). At the very least, Apartment Depot is entitled to learn whether any such individuals exist, or, alternatively, whether this lawsuit is based upon pure speculation on the part of FHC. As a result, Defendant Apartment Depot respectfully requests that this Court order FHC to provide a more definite statement which identifies a representative number of actual individuals who complained to FHC and/or who believe they were victims of discrimination as a result of the advertisements set forth in the Amended Complaint.

**WHEREFORE**, for the above reasons, the Defendant Apartment Depot respectfully requests that this Court GRANT the within motion and DISMISS all counts against Defendant Apartment Depot with prejudice. In the alternative, to the extent that this Court denies the motion to dismiss, Defendant Apartment Depot respectfully requests that this Court order FHC to provide a more definite statement identifying which phrases correspond to which of Counts I through III of the Amended Complaint and which identifies a representative number of actual individuals who complained to FHC and/or who believe they were victims of discrimination as a result of the

advertisements set forth in the Amended Complaint.

                                                                                The Defendant
Apartment Depot
By Its Attorneys,

/s/ Paul J. Klehm
James B. Krasnoo  BBO#279300
Paul J. Klehm  BBO# 561605
Law Offices of James B. Krasnoo
23 Main Street
Andover, MA  01810
(978) 475-9955

Dated: April 1, 2005

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served upon the attorney(s) of record or each party of record not represented by an attorney by first class mail, postage prepaid, on April 1, 2005.

/s/ Paul J. Klehm
Paul J. Klehm