UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FAIR HOUSING CENTER OF<br>GREATER BOSTON, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>BOSTON APARTMENT RENTALS,<br>A & S REALTY, APARTMENT DEPOT<br>and MARK ROOS REALTY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 04-10572 MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND JURY DEMAND OF THE DEFENDANT APARTMENT DEPOT TO AMENDED COMPLAINT**

NOW COMES the Defendant Apartment Depot, (hereinafter "Depot"), which answers the Plaintiff's Amended Complaint as follows:

**INTRODUCTION**

1.      The Plaintiff's action and allegations speak for themselves and Depot is not required to further respond thereto.  To the extent that any factual allegations are deemed to have been made by the Plaintiff in Paragraph 1, then in that case Depot denies each such allegation.

**JURISDICTION AND VENUE**

2.      Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 2.

3.      Depot admits that it is located in the District of Massachusetts, and states by way of further response that it is without knowledge sufficient to form a belief as to the truth or falsity of the rest of the allegations made in Paragraph 3.

## **PARTIES**

4. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 4.

5. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 5.

6. Depot denies the allegations of Paragraph 6 insofar as it is concerned, and states that it is without knowledge sufficient to form a belief as to the truth of falsity of the remaining allegations made in Paragraph 6.

7. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 7.

8. As to the first sentence of Paragraph 8, Depot denies that it is a Massachusetts legal entity as named but admits the remaining allegations set forth in that sentence. As to the second and third sentences of Paragraph 8, admitted. Depot denies the rest of the allegations contained in Paragraph 8.

9. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 9.

## **FACTS**

### A&S Realty

10-16, inclusive. Depot states that the facts alleged in Paragraphs 10-16, inclusive, are not directed to it and that Depot is not required to further respond thereto. In the event any factual allegations are deemed to have been made against Depot in Paragraphs 10-16, inclusive, then in that case Depot denies each such allegation.

<u>Apartment Depot</u>

17.     Depot denies the allegations contained in Paragraph 17.

18.     Depot denies the allegations contained in Paragraph 18.

19.     Depot admits the allegation contained in Paragraph 19 up to the word "properties", and denies the rest of the allegations contained in Paragraph 19.

20.     Depot admits the allegations contained in Paragraph 20.

21.     Depot denies the allegations contained in Paragraph 21.

22.     Depot denies the allegations contained in Paragraph 22.

23.     Depot denies the allegations contained in Paragraph 23.

24.     Depot denies the allegations contained in Paragraph 24.

25.     Depot denies the allegations contained in Paragraph 25.

<u>Marc Roos Realty</u>

26 -33, inclusive.  Depot states that the facts alleged in Paragraphs 10-16, inclusive, are not directed to it and that Depot is not required to further respond thereto.  In the event any factual allegations are deemed to have been made against Depot in Paragraphs 10-16, inclusive, then in that case Depot denies each such allegation.

**GENERAL FACTUAL ASSERTIONS**

34.     Depot admits that it is in the business of renting apartments for property owners. Depot denies the remaining allegations contained in Paragraph 34 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 insofar as they pertain to any other Defendant.

35. Depot denies the allegations contained in Paragraph 35 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 insofar as they pertain to any other Defendant.

36. Depot denies the allegations contained in Paragraph 36 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 insofar as they pertain to any other Defendant.

37. Depot denies the allegations contained in Paragraph 37 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 insofar as they pertain to any other Defendant.

38. Depot denies the allegations contained in Paragraph 38 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 insofar as they pertain to any other Defendant.

39. Depot denies the allegations contained in Paragraph 39 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 insofar as they pertain to any other Defendant.

## COUNT I

### Fair Housing Act, 42 U.S.C. §3640(c), Claim Against All Defendants

40. Depot incorporates its responses to the allegations made in Paragraph 1-39, inclusive, as though they were fully set forth herein.

41. Depot states that the provisions of §3604(c) of the Fair Housing Act speak for themselves and that Depot is not required to further respond thereto. To the extent Paragraph 41 contains any factual allegations, Depot denies them.

42. Depot denies the allegations contained in Paragraph 42 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 insofar as they pertain to any other Defendant.

43. Depot denies the allegations contained in Paragraph 43 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 insofar as they pertain to any other Defendant.

## COUNT II

### Fair Housing Act, 42 U.S.C. § 3605, Claim against Apartment Depot

44. Depot incorporates its responses to the allegations made in Paragraph 1-43, inclusive, as though they were fully set forth herein.

45. Depot states that the provisions of §3605(a) of the Fair Housing Act speak for themselves and that Depot is not required to further respond thereto. To the extent Paragraph 45 contains any factual allegations, Depot denies them.

46. Depot denies the allegations contained in Paragraph 46.

47. Depot denies the allegations contained in Paragraph 47.

## COUNT III

### Fair Housing Act, U.S.C. § 3604(a), Claim against Apartment Depot

48. Depot incorporates its responses to the allegations made in Paragraph 1-47, inclusive, as though they were fully set forth herein.

49. Depot states that the provisions of §3604(a) of the Fair Housing Act speak for themselves and that Depot is not required to further respond thereto. To the extent Paragraph 49 contains any factual allegations, Depot denies them.

50. Depot denies the allegations contained in Paragraph 50.

51.  Depot denies the allegations contained in Paragraph 51.

## COUNT IV

### M.G.L. c. 151B, §§ 4(7B) and 4(10), Claim against All Defendants

52.  Depot incorporates its responses to the allegations made in Paragraph 1-51, inclusive, as though they were fully set forth herein.

53.  Depot states that the provisions of M.G.L. c. 151 §4(7B) speak for themselves and that Depot is not required to further respond thereto. To the extent Paragraph 53 contains any factual allegations, Depot denies them.

54.  Depot states that the provisions of M.G.L. c. 151 §10(10) speak for themselves and that Depot is not required to further respond thereto. To the extent Paragraph 54 contains any factual allegations, Depot denies them.

55.  Depot denies the allegations contained in Paragraph 55 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 insofar as they pertain to any other Defendant.

56.  Depot denies the allegations contained in Paragraph 56 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 insofar as they pertain to any other Defendant.

## COUNT V

### Massachusetts Consumer Protection Act, M.G.L. c. 93A, Claim against All Defendants

57.  Depot incorporates its responses to the allegations made in Paragraph 1-56, inclusive, as though they were fully set forth herein.

58. Depot denies the allegations contained in Paragraph 58 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 insofar as they pertain to any other Defendant.

59. Depot denies the allegations contained in Paragraph 59 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 insofar as they pertain to any other Defendant.

60. Depot denies the allegations contained in Paragraph 60 as far as it is concerned. Depot is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 insofar as they pertain to any other Defendant.

61. Defendant Depot denies the allegations contained in Paragraph 61.

62. Defendant Depot denies the allegations contained in Paragraph 62.

63. Defendant Depot denies the allegations contained in Paragraph 63.

64. Defendant Depot denies the allegations contained in Paragraph 64.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

FHC's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

FHC does not have standing to bring its Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over FHC's Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

FHC failed to satisfy the statutory requirements necessary for FHC to file suit for violation of M.G.L. c. 151B.

### FIFTH AFFIRMATIVE DEFENSE

FHC's claim is barred because it failed to satisfy the statutory requirements necessary for FHC to file suit for violations of M.G.L. c. 93A.

### SIXTH AFFIRMATIVE DEFENSE

FHC's claims are barred because it failed to satisfy the statutory requirements necessary for FHC to file suit for violations of 42 U.S.C. §§3604(a), 3604(c) or 3605.

### SEVENTH AFFIRMATIVE DEFENSE

FHC has suffered no legally cognizable damages and fails to meet the requirements under Article III for access to the federal court system.

### EIGHTH AFFIRMATIVE DEFENSE

If it is determined that FHC sustained damages, which Apartment Depot denies, said damages were the result of conduct of individuals or entities over whom Apartment Depot had no control and for whose conduct Apartment Depott was not and is not responsible.

### NINTH AFFIRMATIVE DEFENSE

If FHC has sustained damages, FHC contributed to, and/or failed to mitigate, such damages, and nay recover should be barred or diminished due to such failure.

### TENTH AFFIRMATIVE DEFENSE

FHC has failed to exhaust its administrative remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

FHC's action is barred because it failed to deliver a proper demand letter at least thirty (30) days before filing suit.

### TWELFTH AFFIRMATIVE DEFENSE

Any recovery must be reduced in proportion to FHC's own negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

FHC's action is barred by laches and/or the applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

FHC's has failed to make proper service of process upon Apartment Depot.

### FIFTEENTH AFFIRMATIVE DEFENSE

FHC's claims against Defendant Apartment Depot are barred where Apartment Depot does not exist as a legal entity in Massachusetts.

### SIXTEENTH AFFIRMATIVE DEFENSE

FHC's claims are barred where FHC cannot make a preliminary showing that the alleged statements at issue are discriminatory.

### SEVENTEENTH AFFIRMATIVE DEFENSE

FHC's claims are barred where the phrases upon which FHC base
s its claims constitute protected commercial speech under the First Amendment to the United States Constitution and Article 16 of the Massachusetts Declaration of Rights, as amended by art. 77 of the Amendments to the Massachusetts Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

FHC's claims are barred where to enforce the Fair Housing Act, M.G.L. c. 151B or M.G.L. c. 93A against Defendant Apartment Depot constitutes an unconstitutional abridgement of contract under Article 4 of the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

FHC's claims are barred by the Communications Decency Act.

9

## TWENTIETH AFFIRMATIVE DEFENSE

Apartment Depot incorporates herein by reference the affirmative defenses asserted by any other defendant who appears in this action as though each such defense was fully set forth herein.

**WHEREFORE**, Defendant Apartment Depot respectfully requests that Plaintiff take nothing, that Apartment Depot receive judgment in its favor and against FHC as to all counts, that Plaintiff not be accorded any declaratory or injunctive relief, that Apartment Depot not be required to take any affirmative steps whatsoever to change is conduct, that this Court dismiss all of Plaintiff's claims against Apartment Depot, that this Court award costs and attorney's fees in favor of Apartment Depot and against Plaintiff, and that Apartment Depot be afforded such other relief as is proper and just.

**DEFENDANT APARTMENT DEPOT
DEMANDS A TRIAL BY JURY ON
ALL COUNTS SO TRIABLE**

                                                             The Defendant
                                                             Apartment Depot
                                                             By Its Attorneys,

                                                             /s/ Paul J. Klehm
                                                             James B. Krasnoo  BBO#279300
                                                             Paul J. Klehm  BBO# 561605
                                                             Law Offices of James B. Krasnoo
                                                             23 Main Street
                                                             Andover, MA  01810
                                                            (978) 475-9955

Dated:  April 1, 2005

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney(s) of record or each party of record not represented by an attorney by first class mail, postage prepaid, on April 1, 2005.

                                    /s/ Paul J. Klehm
                                    Paul J. Klehm